Belknap,
June 29, 1918.

J. FRANK POPE & a. v. BOSTON & MAINE RAILROAD.

Whether relevant evidence should be excluded on the ground that it tends to excite undue prejudice rather than to aid the jury is a question of fact for the trial court.

A verdict will not be set aside for misconduct of counsel in asking a question of a witness unless the trial court find that it produced the verdict; and it will be assumed in the absence of a contrary finding that the jury obeyed an instruction to disregard such misconduct.

A verdict will not be set aside because incompetent matter is brought to the jury's attention by the irresponsive answer of a witness.

CASE, for burning the plaintiffs' buildings. Trial by jury and verdict for the defendants. Transferred from the March term, 1917, of the superior court by *Sawyer*, J., on the plaintiffs' exceptions to evidence and remarks of defendants' counsel. The facts appear in the opinion.

*Sweeney & Cox* (of Massachusetts), *Stevens, Couch & Stevens, Martin & Howe, Charles B. Hibbard* and *Owen & Veasey*, (*Mr. Hibbard* orally), for the plaintiffs.

*Jewett & Jewett* (*Mr. Theodore S. Jewett* orally), for the defendants.

YOUNG, J.  The evidence admitted subject to exception was relevant to the matter in issue; that is, the facts the occupants of the plaintiffs' buildings used liquor to excess, sold it on the premises, concealed it in the hay in the barn and had been seen to search for it with a lighted match all tended to the conclusion that they might have set the fire in question.  The objection and the only objection that can be urged against the admission of these facts is that they were calculated to excite prejudice.  The test to determine whether evidence should be excluded for that reason is to inquire whether the prejudice it excites is undue.  The issue raised by that inquiry is one of fact, consequently the plaintiffs' exception to the admission of evidence must be overruled, for it cannot be said there is no evidence to sustain the court's findings that this evidence would probably aid the jury in its search for the truth.

A witness, the defendants' counsel was cross-examining, testified without objection that he had heard that one of the occupants of the plaintiffs' premises burned another set of buildings; but, when counsel asked him if he had heard she did it by throwing a lamp at the man with whom she was living, the plaintiffs objected and the court sustained their objection and directed the jury to pay no attention either to what the witness said he had heard or to the question objected to.  The plaintiffs contend that what the defendants' counsel did rendered the trial unfair and that the verdict should be set aside for that reason.  Whether the defendants' counsel was guilty of misconduct, and if he was, whether it produced the verdict, are both questions of fact.  If he knew when he asked these questions that they were incompetent and asked them for the mere purpose of prejudicing the jury against the plaintiffs, the court should discipline him; but it does not necessarily follow from the fact, if it is a fact, that counsel was guilty of misconduct that the verdict should be set aside.  Whether that should be done depends on how the court finds the fact as to whether his misconduct produced the verdict.  But whatever the fact may be, this exception must be overruled as the case stands, for the court directed the jury to pay no attention to what counsel said and it will be assumed in the absence of a finding to the contrary that the jury obeyed the court's instruction.  In short, the fact, if it were the fact, this woman burned another set of buildings by throwing a lamp at the man with whom she was living was relevant to the issue of the cause of the fire in question, and it is not usual for this court to disturb a verdict merely because a witness is asked a question which calls for relevant hearsay, for such an objection is to form not substance.

The plaintiffs also complain because defendants' counsel asked a witness whether he knew there was such a woman at the time of the fire in question. They base this complaint on the proposition that the court had ruled that what happened at the other fire was inadmissible, and that this question was an offence against the law of the trial. The difficulty with this contention is that it is not founded on fact. What the court ruled was that the defendants could not show what the witness had heard about the woman setting the other fire,—not that they could not show that she set it, by competent evidence.

They also complain of the witness' answer to this question. The answer was irresponsive and this court will not disturb a verdict merely because incompetent matter is brought to the jury's attention in that way. If they thought the answer was prejudicial they should have asked the court to instruct the jury to disregard it. *Wheeler* v. *Contoocook Mills Corporation,* 77 N. H. 551. No reason has been suggested and none is apparent why the plaintiffs' exception to the opening statement of defendants' counsel should not be overruled.

*Exceptions overruled.*

PEASLEE, J., concurred in the result: the others concurred.