## DYESS v. W. W. CLYDE & CO.

### No. 2567.

Circuit Court of Appeals, Tenth Circuit.

Dec. 16, 1942.

[2] 12 U.S.C.A. §§ 34, 34a.

[3] Cannon v. Dixon, 4 Cir., 115 F.2d 913; 1 Zollman, Banks & Banking, § 286.

D. N. Straup, Willard Hanson, and Stewart M. Hanson, all of Salt Lake City, Utah, for appellant.

Arthur E. Moreton, of Salt Lake City, Utah, for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This was an action for damages. Appellant and his wife, their two children, and others, were traveling eastward in an automobile on a highway in Utah. A truck owned by appellee and operated by its employee was going westward on the same highway. As the two approached each other, the truck turned to the left, crossed the center of the highway, and entered the traffic lane in front of the automobile. Appellant turned the automobile to the right onto the shoulder of the highway, accelerated its speed, and narrowly missed the truck. The automobile continued along the shoulder in loose gravel, struck a drain ditch, veered to the left, crossed the highway, broke down some fence posts, turned over, and came to rest against the fence. Appellant and his wife and their daughter sustained injuries, and the daughter died within a short time. In response to special interrogatories, the jury found that the employee of appellee was negligent in the operation of the truck; that appellant was negligent in the operation of the automobile as it approached the truck; that he was also negligent at the time he accelerated the speed; that he was not negligent at any time after passing the truck; and that the negligence on his part was a proximate cause of the injuries. A general verdict was returned for appellee and judgment was entered accordingly.

■ It is urged that counsel for appellee was guilty of misconduct in the course of the trial. While cross-examining appellant, counsel asked whether soon after the accident a highway patrolman gave him a ticket for reckless driving. An objection was sustained and the question was not answered. Later counsel asked the patrolman whether he gave appellant a ticket and whether appellant furnished bond. Objec-

tions were likewise sustained and both questions were not answered. After the court had made a firm ruling in sustaining the objection to the question asked appellant, counsel should not have propounded the two questions to the patrolman in the presence of the jury. The persistent asking of questions after objections have been repeatedly sustained to that line of interrogation sometimes calls for reversal of the judgment, especially where it is fairly apparent that counsel acted in bad faith. But in ordinary circumstances, the mere propounding of an improper question to a witness is not enough to warrant setting the judgment aside. It must appear that substantial prejudice resulted. It must be fairly plain that the jury were influenced to the detriment of the complaining party. Pope v. Boston & M. R. R., 79 N.H. 52, 104 A. 403; Carter v. Bedortha, 124 Mich. 548, 83 N.W. 277; Westover v. Wabash R. Co., Mo.Sup., 6 S.W.2d 843, certiorari denied 278 U.S. 632, 49 S.Ct. 31, 73 L.Ed. 550; Jenkins v. Davis, 111 Okl. 191, 239 P. 135; Louisville & N. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S.W.2d 174; Larnce v. Massachusetts Bonding & Ins. Co., Tex. Civ.App., 121 S.W.2d 392. This record does not indicate a persistent intentional attempt to subvert recognized rules of practice or decorum. Neither does it appear that the questions distracted in the slightest degree the attention of the jury from the real issues in the case.

■■ Error is assigned upon the refusal of the court to instruct the jury to disregard any inference which might be drawn from the question propounded to appellant. At the time the question was asked and the objection sustained, counsel for appellant requested the court to give such an instruction. The court responded that it did not do that during the course of the trial and suggested that counsel make a memorandum and call the matter to the attention of the court at the time the general instructions were given, and that the instruction would be then given. Assuming without deciding that an instruction should have been given, the court was not obliged to give it at the time the question was asked. It was well within the discretion of the court to give it along with the general instructions at the conclusion of the evidence. And the court indicated its willingness to do so, even suggesting that counsel renew the request at that time. But counsel failed to do so, and therefore the matter was waived.

It is contended that there was no evidence tending to show contributory negligence and hence the court erred in submitting to the jury the special interrogatories in respect thereto; and that the finding of such negligence and the general verdict are not supported by substantial evidence. It would not serve any useful purpose to detail the evidence. It is enough to say that the evidence and the inferences fairly to be drawn from it presented the issue; that the special interrogatories were properly submitted; and that the finding of contributory negligence and the general verdict are supported by substantial evidence and therefore cannot be overturned on appeal for the want of it.

There was evidence tending to show that the automobile was traveling at a speed of seventy-five or eighty miles an hour at the time it passed the truck, and there were circumstances from which the inference could reasonably be drawn that it had been going at a speed in excess of fifty miles per hour. The court instructed the jury in effect that at the time of the accident the law of Utah prescribed a maximum speed of fifty miles an hour; that traveling in excess of such maximum would be in violation of the law, and might under certain conditions be ground on which to base negligence; and that if excessive speed of the automobile, in excess of fifty miles per hour, was the proximate cause of the accident, it would constitute contributory negligence. The sole exception to the instruction was that the court should further instruct the jury that appellant could exceed that maximum in the event of a sudden emergency and he believed it was necessary to do so in order to avoid an accident. But elsewhere in the instructions, the jury were charged that one is not negligent if he acts in a sudden emergency as an ordinarily prudent person would do, even though he makes a mistake. No exception was taken to that instruction. The instructions must be considered as a whole. An excerpt or particular part is not to be segregated and considered apart from the remainder. Caldwell v. United States, 10 Cir., 36 F.2d 742, certiorari denied 281 U.S. 725, 50 S.Ct. 239, 75 L.Ed. 1143; Tanchuck v. United States, 10 Cir., 93 F.2d 534; Martin v. United States, 10 Cir., 100 F.2d 490, certiorari denied 306 U.S. 649, 59 S.Ct. 590, 83 L.Ed. 1048; Graham v. United States, 10 Cir., 120 F.2d 543. Considered in that manner, the instructions are not open to the attack directed against them.

It is said that the court should have given certain requested instructions. But the instructions of the court fairly and fully covered the issues in the case; and even though requested instructions are correct statements of law, a court is not required to give them if the subject matter has been appropriately covered in the instructions given. George v. Wiseman, 10 Cir., 98 F.2d 923; Martin v. United States, supra; Hancey v. United States, 10 Cir., 108 F.2d 835.

Finally, complaint is made that the court improvidently denied the motion for new trial. A motion for new trial is addressed to the discretion of the trial court and the action taken thereon will not be reviewed except for a clear abuse of such discretion. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 60 S.Ct. 811, 84 L.Ed. 1129; Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 111 F.2d 140, certiorari denied 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428.

The judgment is affirmed.