## AMERICAN SMELTING & REFINING CO. v. SUTYAK et al.

### No. 3763.

United States Court of Appeals
Tenth Circuit.

May 9, 1949.

---

124

Godfrey Nordmark, Denver, Colo. (Edgar McComb, Albert E. Zarlengo, and John C. Mott, Denver, Colo., were with him on the brief), for appellant.

Charles J. Moynihan, Montrose, Colo. (Moynihan-Hughes-Sherman, Montrose, Colo., were with him on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Andrew Sutyak, Thomas Harley Cline, Carl Berry, Alva Smith, Wilbur N. Carkhuff, and Della M. Carkhuff instituted this action against The American Smelting and Refining Company for the recovery of damages. The cause of action pleaded in the amended complaint was that for a valuable consideration the defendant was engaged in transporting and furnishing transportation for plaintiffs Sutyak, Cline, Berry, and Smith, and for George M. Carkhuff, son of plaintiffs Wilbur N. Carkhuff and Della M. Carkhuff, from Ouray, Colorado, to and from certain mines and mining claims; that a truck owned and operated by the defendant was used for that purpose; that the defendant negligently failed to keep the truck in proper repair and in safe operating condition; that while making a trip from the mines and mining property to the town of Ouray the agent of the defendant negligently and recklessly drove the truck at a high and dangerous rate of speed; that such negligence caused the truck to leave the highway and plunge down a steep mountainside; that plaintiffs Sutyak, Cline, Berry, and Smith suffered serious and permanent injuries; and that George M. Carkhuff suffered bodily injuries from which he died. By answer, the defendant denied negligence and pleaded unavoidable accident, contributory negligence, assumed risk, and non-liability under the guest statute of Colorado. The cause was tried to a jury, separate verdicts were returned for plaintiffs, judgment was entered upon the verdicts, and the defendant appealed.

■ Error is assigned upon the failure of the court to sustain the motion of the defendant for a directed verdict in its favor made at the conclusion of the evidence submitted by plaintiffs, upon failure of the court to sustain the motion when renewed at the conclusion of all the evidence, upon the action of the court in reserving its ruling upon the motion, and upon the failure of the court to set aside the verdicts and enter judgment for the defendant despite the verdicts. The argument advanced in support of the several assignments of error is that under the guest statute of the state plaintiffs were barred as a matter of law from recovering. Insofar as it is presently material, chapter 16, section 371, Colorado Statutes Annotated 1935, limits recovery by a nonpaying guest against the owner or operator of a motor vehicle to damages proximately caused by the driver's intoxication, or by negligence consisting of a wilful and wanton disregard of the rights of others. These facts. were established in the trial without substantial conflict in the evidence. George E. Collins leased from the owner thereof certain mines and mining property near Ouray, including the Genesee and the Joker tunnels. Collins subleased part of the property to the defendant; he operated part; and others operated part through a split check arrangement with him, meaning that they did the work, that the ore was sold in the name of Collins, and that the proceeds were divided. All of the parties used the Genesee and the Joker tunnels as part of their operations. John Mitchell was superintendent for both Collins and the defendant. While the mining activities were adjacent, except as to Mitchell, they were operated by separate personnel. For some time preceding the accident out of which this litigation arose, the ore produced by the defendant, that produced by Collins, and that produced by others operating under a split check arrangement with Collins was shipped to the smelter of the defendant at Leadville, Colorado, and was there processed. Employees of the defendant, employees of Collins, and persons operating under a split check arrangement with Collins, resided in the town of Ouray and regularly went to and from the mines. For about four months prior to the time of the accident, a truck owned and operated by the defendant was used for the transportation of men to and from the mines. Employees of the company, employees of Collins, and others operating under a split check arrangement with Collins were transported to and from the mines in the truck. Mitchell drove it some of the time, and on certain occasions when there were too many men to ride in the truck Mitchell had another employee of the defendant drive it and he drove his own car with employees in it. Prior to the time use of the truck for the transportation of men began, some of the miners paid Collins for their transportation, but after the defend-

ant began using the truck for the transportation of miners, the employees of Collins and those operating under a split check arrangement with him did not pay any cash or other direct consideration for their transportation. Plaintiffs Berry and Smith were employees of Collins. Plaintiffs Sutyak and Cline, and George Carkhuff, were split check operators under Collins. None of such persons were employees of the defendant. About four-thirty o'clock in the afternoon, Mitchell left the mines intending to go to Ouray. He was driving the truck and Collins sat beside him. Sutyak, Cline, Berry, Smith, George Carkhuff, and certain employees of the defendant were in the rear. An accident occurred, Collins, George M. Carkhuff, and three employees of the defendant were killed, and Sutyak, Cline, Berry, and Smith suffered personal injuries. In determining the question whether under the guest statute plaintiffs are barred as a matter of law from recovering, it is well to keep in mind the evils which brought about its enactment. The legislature undoubtedly appreciated the apparent injustice of holding the owner or operator of an automobile or other motor vehicle liable in damages for failure to exercise ordinary care toward one riding merely as a guest. It doubtless was considered unjust that one who accepts the kindness or hospitality of an owner or operator of an automobile or other motor vehicle in extending an invitation to ride should recover damages for personal injury unless it results from intoxication, gross negligence, or intentional wrong on the part of such owner or operator. The plain intent of the statute is to prevent recovery by "hitchhikers," "bums," and others invited by the owner or operator of the motor vehicle to ride as a mere generous gesture. Its purpose is to deny recovery to those without moral right to recompense. Dobbs v. Sugioka, 117 Colo. 218, 185 P.2d 784. And since the statute denying to certain classes of persons the right to recover damages for personal injuries is in derogation of the common law, it is to be strictly construed. Dobbs v. Sugioka, supra.

Plaintiffs Sutyak, Cline, Berry, and Smith, and the decedent George M. Carkhuff, were not social guests of the defendant at the time of the accident, and they were not its casual invitees in riding in the truck. While no relationship existed between the parties arising out of contract, the mining activities of all of them were immediately adjacent each to the other, all parties used the same tunnels in their operations, and it was of some financial benefit to the defendant to process at its smelter the ore produced through the labor of its own employees, through the labor of the employees of Collins, and through the labor of those operating under a split check arrangement with Collins. There existed a measure of identity or community of interest between the parties; and the transportation of the employees of Collins and of those operating under split check arrangements with him to and from the mines in the truck belonging to the defendant was reasonably calculated to further the identity or community of interest existing between the parties, even though the benefit to the defendant may have been incidental. Therefore, plaintiffs Sutyak, Cline, Berry, and Smith, and the decedent George M. Carkhuff, were not guests of the defendant at the time of the accident, within the meaning of the statute, supra. Dobbs v. Sugioka, supra.

Somewhat in the alternative, error is also assigned upon the refusal of the court to submit to the jury under appropriate instructions the question whether plaintiffs Sutyak, Cline, Berry, and Smith, and the decedent George M. Carkhuff, were guests at the time of the accident. There being no substantial conflict in the evidence concerning the relation of the parties, the question was one of law for the court; and therefore it was not error to refuse to submit the issue to the jury. Dobbs v. Sugioka, supra.

The judgment is challenged on the ground that if plaintiffs Sutyak, Cline, Berry, and Smith were injured, and the decedent George M. Carkhuff was killed as the proximate result of the negligence of Mitchell in the operation of the truck, chapter 97, section 366, Colorado Statutes Annotated 1935, precludes recovery herein. Sketchily stated, the statute provides in substance that if an employee is injured by the

negligent act of a stranger not in the same employ, he may elect to seek either workmen's compensation or damages from the third person. It makes like provision for the heirs of an employee killed by the negligent act of a stranger not in the same employ. And it provides that if an election is made to accept workmen's compensation and such compensation is awarded, the insurance carrier shall be subrogated to the rights of the injured employee or the heirs of the deceased employee against the third party causing the injury or death. But there is no need to explore the question whether the statute has application in this case. Federal Rules of Civil Procedure, rule 8(c), 28 U.S.C.A. provides among other things that injury by a fellow servant shall be affirmatively pleaded as a defense. That was not done here. The defendant did not plead the issue as an affirmative defense. Its answer was completely silent in respect of the issue. Therefore the question is not open for consideration on appeal. Zeligson v. Hartman-Blair, Inc., 10 Cir., 135 F.2d 874.

■■ It is urged with earnestness that the court erred in failing to direct a verdict for the defendant for the reason that the evidence showed conclusively that plaintiffs Sutyak, Cline, Berry, and Smith, and the decedent George M. Carkhuff, assumed the risk involved in their transportation in the truck. The argument is that some of the persons got in the truck at the Genesee mine; that the truck went from there to the Joker mine; that others got in it there; that after leaving the Joker mine and before the accident, the truck stopped on the road in order for another vehicle to pass; that such persons thus had an opportunity to get out of the truck and in that manner save themselves against death or injury; and that by their failure to do so they assumed the risk involved in their transportation. Where one riding in an automobile or other motor vehicle anticipates or reasonably should anticipate that danger may follow because of the incapacity or recklessness of the driver, it is his duty to leave the vehicle if the opportunity is available or to take such other measures as may be open to him to avoid the threatened danger;

and his failure to do so constitutes contributory negligence. But the duty to leave a motor vehicle or to take other measures to avoid threatened danger of that kind must be judged in the light of all the surrounding facts and circumstances. Wilson v. Hill, 103 Colo. 409, 86 P.2d 1084; United Brotherhood of Carpenters and Joiners v. Salter, 114 Colo. 513, 167 P.2d 954. Here, fourteen miners were riding in the rear of the truck under a canvass top resembling somewhat the conventional covered wagon. They could not see forward or out on either side. Their vision was limited to the rear. There is no suggestion that Mitchell was intoxicated, and there was no showing that he had operated the truck in a negligent manner on any previous occasion. While the truck was driven faster than usual, and while it was rougher than usual, it cannot be said as a matter of law that plaintiffs Sutyak, Cline, Berry, and Smith, and the decedent George M. Carkhuff should have anticipated that danger might follow as the result of the reckless or negligent operation of the truck; that in the exercise of ordinary care they should have gotten out of the truck either at the Joker mine or at the place where it stopped on the highway as a means of saving themselves from death or injury; and that their failure to do so constituted contributory negligence which precludes recovery herein.

The further contention is that the court erred in submitting to the jury the issue of ordinary negligence on the part of the defendant in failing to maintain the truck in a reasonably safe operating condition, or in operating it in a negligent manner. It would not serve any useful purpose to detail the evidence bearing upon the question. It is enough to say that the evidence and the inferences fairly to be drawn from it clearly presented the issue and the court did not improvidently submit it to the jury.

■ Complaint is made that the court erred in giving to the jury certain instructions relating to the requirements of the law of the state in respect to brakes and speed of automobiles operated on the highways and relating to the mortality tables under state law. No exceptions were taken to these instructions and therefore the criti-

cism now directed against them is not open to consideration. Interstate Motor Lines, Inc., v. Great Western Railway Co., 10 Cir., 161 F.2d 968.

Finally, it is said that the court should have granted the motion for new trial. But a motion for new trial is addressed to the sound judicial discretion of the trial court and in ordinary circumstances the action of the court in denying it will not be disturbed on appeal unless there was an abuse of such discretion. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759; Viles v. Prudential Insurance Co., 10 Cir., 107 F.2d 696, certiorari denied, 308 U.S. 626, 60 S.Ct. 387, 84 L.Ed. 523; Dyess v. W. W. Clyde & Co., 10 Cir., 132 F.2d 972. There was no abuse of discretion in the denial of this motion.

The judgment is affirmed.