No. 13,612.

Schlesinger *v.* Miller.

(52 P. [2d] 402)

Decided November 18, 1935. Rehearing denied December 9, 1935.

Mr. L. Ward Bannister, Mr. Raymond A. Wagner, Mr. Samuel M. January, for plaintiff in error.

Mr. PHILIP HORNBEIN, Mr. CHARLES ROSENBAUM, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there, or by name.

Schlesinger was driving an automobile in which Gertrude Miller was riding as a guest. A collision occurred and she was injured. To recover damages therefor she brought this suit, charging negligence, carelessness and recklessness. On a verdict in her favor for $2,000 judgment was entered. To reverse that judgment Schlesinger prosecutes this writ. The twenty-nine assignments are argued under four general heads which we restate as follows: (1) The court incorrectly instructed concerning city ordinances; (2) the collision was proximately caused by the negligence of a third person; (3) the court improperly gave an oral instruction; (4) no negligence consisting of a "willful and wanton disregard of the rights" of plaintiff was established.

1, 2. In view of our conclusion on 4 we need not consider these.

3. During its deliberations the jury requested an explanation of instruction 8. It was returned to the courtroom and that instruction, amended in writing, was read. Whereupon a juror said: "It all hinges on that willful and wanton phrase, some of the jurors think that means criminal wantonness. It don't so define it there." Counsel for the plaintiff then said: "I suggest to the court that the court answer the juror's question and state to the jury whether it has to be a wantonness and recklessness of a criminal nature," to which the judge responded, "The court answers that, No." We think the answer, under the facts of this case, was correct. *U. S. v. Murdock,* 290 U. S. 389, 54 Sup. Ct. 223, 78 L. Ed. 381;

*Wise v. Hollowell,* 205 N. C. 286, 171 S. E. 82. However, no mention is made of this oral instruction in the motion for new trial, hence the assignment requires no consideration. Rule 8 of the rules of this court.

 4. It is earnestly and ably contended that there was here no evidence of ''negligence consisting of a willful and wanton disregard of the rights of others,'' as that phrase is used in our applicable statute. S. L. '31, p. 460, c. 118, §1. The act couples with the quoted phrase injuries intentionally inflicted or caused by the driver's intoxication. These elements are absent here.

There is evidence in this record that, at the time of the accident, defendant and a girl companion were in the front seat of the car and plaintiff and her escort in the back seat; that Schlesinger was driving forty to forty-five miles per hour on one of the principal streets of Denver; that the time was between 11 and 11:30 p. m.; that he was driving with one hand, had his right arm about his companion, and was in the act of kissing her ''just a split second before the crash''; that he had been repeatedly warned by his passengers of the danger incurred by reason of his conduct; that he paid no heed, ''just laughed''; and that after the accident he requested two of his companions to say nothing about the fact that he was driving with one hand.

Counsel say we have twice so defined ''willful and wanton'' as to exclude this conduct. *Millington v. Hiedloff,* 96 Colo. 581, 45 P. (2d) 937; *Foster v. Redding,* 97 Colo. 4, 45 P. (2d) 940. The conduct of defendant was certainly conscious, and it must be held that the possible consequences were considered and weighed by him, at least so far as one in his evident frame of mind could consider and weigh. If in that particular his mental processes were blurred, due to his love-making, which was probably the fact, he must be held to the same responsibility as one who voluntarily becomes intoxicated. We think it clear, from the evidence above mentioned, that defendant was so in-

586

tent upon what he was doing that when it became a question of ceasing or endangering the party he was "wholly indifferent" to the "probable injurious effect or consequences." Thus the case comes squarely within the language of the Millington opinion.

██ The Foster case was one of intoxication. However, we there said, quoting and applying *Clark v. Small*, 80 Colo. 227, 250 Pac. 385: "If, conscious of his conduct and existing conditions, he knew, or should have known, that the injury would probably result, the requirements of the statute are met." We also said that one who, too intoxicated to drive safely, and conscious thereof, "puts himself at the wheel of an automobile and takes the road, is guilty of a willful and wanton disregard of the rights of all persons who ride with him or use the highway he travels," and that, regardless of the special language of the statute concerning intoxication. The common knowledge and experience of mankind makes this language equally applicable to one so intoxicated with love-making as to drive with one hand at an excessive rate of speed on a busy thoroughfare and greet repeated warnings with indifference and laughter. Hence the case comes squarely within the language of the Foster opinion.

The judgment is affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.