No. 15,109.

EDELEN *v.* SIMPSON.
(144 P. [2d] 986)

Decided January 10, 1944.

1

Mr. F. L. GRANT, for plaintiff in error.

Miss GRAYCE M. SMITH, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a damage suit arising out of an automobile accident, the principal question in which involves the application of our guest statute, being section 371, chapter 16, '35 C.S.A. Defendant in error, plaintiff below, to whom we hereinafter refer as Simpson, recovered a judgment of $15,000 and costs against plaintiff in error Edelen, who seeks reversal on a writ of error. The judgment is based upon the verdict of a jury which found in Simpson's favor in the amount indicated.

The accident which gave rise to the litigation occurred in the city of Denver about 3:15 p.m., June 29, 1940. Shortly before that time, Edelen, who was in the music business, but not employed by the LaSalle Music Com-

pany, had called at the latter's place of business. While there, the company directed one Crowley, an employee, to go on a couple of errands in the eastern part of the city. The company's truck was in use at the time and Edelen volunteered to use his car for the trip. He invited Stackhouse, a company employee, and Simpson who happened to be present, to accompany him and Crowley.

They drove to the Hangar Cafe on East Colfax avenue where Crowley completed the first errand. From there they started to drive to the "old Lowry Field" (north of Colfax) to complete the errands, with Edelen, the driver, and Crowley in the front seat and Stackhouse and Simpson in the right and left rear seats, respectively. Edelen drove a block east from the cafe on Colfax, then made a U turn and drove back to Ulster street where he turned to the right, driving north on Ulster at a speed variously estimated at 35 to 50 miles an hour. All three of his companions warned him of the excessive rate of speed at which he was driving and asked him to slow down. Crowley testified: "I told him to slow down several times. I told him if he didn't I was going to get out. * *. * He says, 'I never bumped you off yet and don't intend to now.'"

Meanwhile Edelen, driving to the rear of a car going in the same direction, attempted to pass it, but as he pulled alongside he saw another car approaching from the opposite direction. Apparently he did not have time to slow down and fall behind the car he was attempting to pass, so he quickly turned his car to the left and into a ditch so as to avoid a head-on collision with the approaching car. Just as he turned the car, the right rear tire blew out, the car turned over several times and came to rest some sixty feet from the road in a demolished condition. Simpson was thrown from the car and suffered a crushed hip, a broken pelvis, concussion of the spinal cord and a ruptured bladder. He was hospitalized for many months and apparently is

seriously crippled for life, with a drop foot and partial paralysis. He was twenty-seven years old and in excellent health before the accident.

Among the grounds of negligence alleged in the complaint was the assertion that the tires on the Edelen automobile, particularly the one which blew out, were defective, as he knew or should have known, and of which Simpson had no knowledge. Counsel for Simpson concedes that such evidence as was adduced on this subject was insufficient to establish negligence in the degree herein required for recovery; hence, this issue is not a factor in the case.

One of the grounds urged for a new trial was that the verdict was excessive, but that point is not presented here so we deem it waived. It is conceded that the accident occurred within the city limits and that Edelen was violating the speed ordinance at the time of the accident, and so admittedly was guilty of simple negligence at least. Edelen offered no testimony other than that which he gave on cross-examination when called by plaintiff under the statute.

We think the above is a sufficient statement of the facts, concerning which there is no serious dispute.

The principal ground urged for reversal is that the court erred in denying defendant's motion for a directed verdict in his favor at the close of Simpson's case for the reason that the evidence failed to show "negligence consisting of a wilful and wanton disregard of the rights of others," in accordance with the guest statute, section 371, supra, although another point specified for reversal is the court's refusal to give certain tendered instructions.

In support of his argument that no wilfulness or wantonness was shown, counsel for Edelen urges that violation of the speed limit was no more than simple negligence, and cases are cited in which courts have held that this is so even though the driver was warned by an occupant of the car that he was violating traffic

regulations, as in *Millington v. Hiedloff,* 96 Colo. 581, 45 P. (2d) 937. Relying upon *Healy v. Hewitt,* 101 Colo. 92, 71 P. (2d) 63, and *Pupke v. Pupke,* 102 Colo. 337, 79 P. (2d) 290, and similar cases, he further contends that to warrant recovery the injury must have been intentionally inflicted, and to be wanton must have been committed with reckless disregard of the rights of others, which he argues is not established by the evidence in the case at bar.

Conceding that these authorities properly state the abstract rules of law applicable in cases of this character, we are satisfied that none of the pronouncements therein warrants a reversal of this judgment in view of the accompanying circumstances; namely, the driver, attempting to pass another car being confronted with obvious peril, in combination with the elements of excessive speed, warning from passengers and general reckless conduct as established by the evidence, coupled with the statement hereinbefore noted, "I never bumped you off yet and don't intend to now." His counsel seeks to minimize this statement by contending it was indicative of a complete want of wilfulness and wantonness, but the statement is just as indicative of the spirit of the bravado, meaning "I'll show you," which, in response to the tests suggested in *Millington v. Hiedloff, supra,* and *Bashor v. Bashor,* 103 Colo. 232, 85 Pac. 732, would justify a submission to the jury of this evidence on "the element of intent to disregard the rights of the plaintiff." *Millington v. Hiedloff, supra.*

The quoted statement of Edelen is not controverted, and we think it substantially, if not conclusively, indicates he was conscious of his conduct, and that "he knew, or should have known, that the injury would probably result." This being true the requirements of the statute are fulfilled. *Clark v. Small,* 80 Colo. 227, 229, 250 Pac. 385, cited and quoted from in the recent case of *Jaeckel v. Funk,* 111 Colo. 179, 138 P. (2d) 939.

6

(This Jaeckel case is similar in several important respects to the case at bar.)

■ Coming now to the question of instructions. Complaint is made of the jury's alleged failure to follow certain instructions given. They were conclusive on the jury only if the members thereof believed that Simpson's case was based "on a showing of negligence alone," and that "execssive speed is not in itself negligence." The record in this case does not indicate that the jury was bound to reach conclusions favorable to Edelen.

■ No error arose from the refusal of the court to give Edelen's requested Instruction No. 2, concerning his duty to keep his tires in such condition as to prevent blowouts, since, as has been mentioned hereinabove, the evidence was insufficient to justify a special instruction relative to the matter of defective tires, the only mention of which in the instructions given being in No. 1, stating the issues, to which Edelen did not object.

■ We also hold that it was unnecessary for the court to give Edelen's requested Instruction No. 4 to the effect "that mere losing of control of an automobile is not in itself proof of willful and wanton disregard of the rights of the plaintiff," in view of the fact that the subject was properly covered by other instructions.

We perceive no prejudicial error in the record, and accordingly the judgment is affirmed.