No. 16,581.

HELGOTH *v.* FOXHOVEN ET AL.

(244 P. [2d] 886)

Decided May 5, 1952.  Rehearing denied May 26, 1952.

Mr. RAYMOND M. SANDSTONE, Mr. FRANCIS L. SHALLEN-BERGER, for plaintiff in error.

Messrs. LENNARTZ & WALROD, Mr. CARL E. DALLY, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

ELIZABETH HELGOTH, plaintiff below and plaintiff in error here, brought an action against Donald Foxhoven and Kenneth Moore to recover judgment for damages occasioned by the death of her son, William Eugene Helgoth, while riding as a guest in an automobile owned by Donald Foxhoven and being driven by Kenneth Moore.

Trial was to a jury, and at the conclusion of plaintiff's evidence, upon defendants' separate motions, the trial court granted motions for dismissal and entered judgment accordingly. Plaintiff is here by writ of error seeking a reversal of the judgment.

We will herein refer to Mrs. Helgoth as plaintiff, to deceased as William, to Donald Foxhoven as Donald, and to Kenneth Moore as Kenneth.

In the complaint the relationship between William and plaintiff is alleged; further that on September 13, 1947, Donald was the owner of the car then being driven by Kenneth with his knowledge and consent, and at all times mentioned Kenneth was subject to the control and supervision of Donald. Further it is alleged that William was a passenger in the car owned by Donald and driven by Kenneth, and that as a result of defendants' negligence, consisting of a wilful and wanton disregard of the rights of others, the automobile overturned, causing the death of the guest.

In an answer comprising five defenses, the relationship of plaintiff and William, the ownership of the automobile, the death of William occurring while a passenger in the automobile by reason of an accident are admitted; all other allegations in the complaint are denied. Contributory negligence, assumption of risk and unavoidable accident are alleged as separate defenses.

Plaintiff's evidence may be summarized as follows: Kenneth, age fifteen years, was the brother-in-law of Donald, and for about two weeks prior to the accident had resided with his brother-in-law's family at their home near Fleming. Kenneth had registered as a student in the public school at Fleming, and intended to remain with Donald and his family only until such time as "quarters" were provided for him by a farmer for whom he would work for his board and room while attending school in Sterling. Donald owned an automobile which was used by him on alternate weeks to travel back and forth from his home to his place of employment, and when not so used his wife was at liberty to use it for her pleasure and convenience. On September 13, 1947, the automobile was not being used by Donald, and in the afternoon of said day Kenneth requested permission of his sister to use the automobile to make a visit to some of his schoolmates, but his request was not granted. Nevertheless he took the car for the purpose of a pleasure ride. In returning William to his home, Kenneth drove at approximately fifty miles an hour, missed the turn at a crossroad, and, in his effort to stop or turn the car, it turned over several times, resulting in injuries to another passenger and the death of William. The highway on which the accident occurred was graveled, twenty-four feet in width, and slightly upgrade. According to the testimony of a Colorado state patrolman, there were deep indentations in the road, indicating brake marks, for ten feet and skid and slue marks for 310 feet. The automobile had turned over three and a fourth times in a distance of 168 feet.

There was evidence, although disputed, that at one time during the summer Kenneth had driven the automobile with Donald's permission for about three blocks in Fleming, and on the evening before the accident in question had driven to a neighbor's house. Other than this there was no evidence that Kenneth had driven Donald's car excepting in and around the garage at the latter's home.

There are two specifications of points, both of which relate to the action of the trial court in granting the separate motions for dismissal.

It is not clear from the record whether plaintiff is relying upon the family car doctrine or considers it important to establish that Kenneth had Donald's permission to operate the car. However, our disposition of the case is such that neither of these questions need be discussed, and as to them no opinion is expressed.

■ Plaintiff's cause of action is based upon the provisions of section 371, chapter 16, '35 C.S.A. Plaintiff offers no evidence to establish that the accident was intentional on the part of Kenneth or that it resulted from his intoxication; consequently the burden rested upon her to establish by a preponderance of the evidence that the proximate cause of William's death was Kenneth's "negligence consisting of a wilful and wanton disregard of the rights of others." Since the enactment of section 371, supra, in 1931, we have had occasion to interpret and construe the phrase "negligence consisting of a wilful and wanton disregard of the rights of others," on numerous occasions. *Millington v. Hiedloff,* 96 Colo. 581, 45 P. (2d) 937; *Schlesinger v. Miller,* 97 Colo. 583, 52 P. (2d) 402; *Pupke v. Pupke,* 102 Colo. 337, 79 P. (2d) 290; *Bashor v. Bashor,* 103 Colo. 232, 85 P. (2d) 732; *Dwinelle v. Union Pacific Railroad Co.,* 104 Colo. 545, 92 P. (2d) 741; *Jaeckel v. Funk,* 111 Colo. 179, 138 P. (2d) 939; *Edelen v. Simpson,* 112 Colo. 1, 144 P. (2d) 986.

■ Our construction of the phrase, "negligence con-

sisting of a wilful and wanton disregard of the rights of others," in *Millington v. Hiedloff, supra,* has been followed and approved in all of the cases above cited, and it would needlessly prolong this opinion to quote therefrom. We are convinced that a careful reading and study of any of the above decisions justifies our conclusion that in the instant case the evidence did not establish more than simple negligence on Kenneth's part. Under the provisions of section 371, supra, simple negligence is insufficient to support a recovery, and the record is entirely devoid of any evidence whatever upon which the jury in the instant case could properly find that Kenneth's negligence consisted of a "wilful and wanton disregard" of William's rights.

Under the facts disclosed by the record, it would have been error for the trial court to have submitted the case to the jury.

The judgment is affirmed.