No. 17,142.

LOEFFLER v. CRANDALL.
(270 P. [2d] 769)

Decided May 10, 1954.

Mr. Laurence A. Ardell, for plaintiff in error.

Messrs. Petersen & Evensen, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

We will refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff, and defendant in error was defendant.

May 17, 1951 plaintiff was injured in a one car accident which occurred on U. S. Highway 96, about six miles east of Eads, Colorado. On January 5, 1952 she commenced her action against defendant seeking dam-

ages for personal injuries allegedly sustained in said accident. In her complaint plaintiff alleged she was a passenger in defendant's automobile, and that defendant was guilty of negligence, consisting of willful and wanton disregard of the rights of others. She did not plead, and upon the trial made no attempt to prove, that any payment had been made, or was to be made, to defendant for the transportation, or that there was any agreement therefor.

Defendant, by answer, denied the negligence alleged by plaintiff, and among other defenses set up the Colorado "Guest" statute. Trial was had on October 27, 1952, and at the conclusion of all evidence offered by plaintiff and defendant, the trial court directed a verdict in favor of defendant.

Subsequently plaintiff filed a motion for new trial, which included an allegation of newly discovered evidence to the effect that plaintiff had agreed to pay defendant a share of the expenses of the trip, from which the parties were returning at the time of the unfortunate accident.

In the automobile at the time of the accident in addition to plaintiff, and defendant who was the driver, were defendant's mother and aunt. These four persons were returning from an extended trip to old Mexico. It appears that defendant planned to take his mother and aunt on this trip and invited plaintiff, with whom he had been "going steady" for some eight years, to accompany them. All witnesses agreed that plaintiff was an invited guest. Plaintiff testified: "They had invited me to go on a trip with them, a vacation." When asked: "Q. Did you pay anything for this trip?," plaintiff replied "No." In her deposition, taken before trial, plaintiff testified as follows: "Q. You went along as his guest? A. That is right, and his family's guest."

Defendant drove his automobile all the way to Mexico and back to Colorado without mishap. There is dispute in the evidence as to the speed the car was driven just

prior to the accident, the testimony varying from 50 to 70 miles per hour. There had been no protest as to defendant's driving prior to the time the automobile left the road. The accident occurred on a straight and level road when the car struck a freshly oiled portion of the highway, which, combined with rain, made the roadway slick. The car skidded off the highway, and all parties were injured. The trial court determined the evidence disclosed that at most, defendant was guilty of negligence, and that the evidence did not bring the case within the "Guest" statute. Judgment having been entered in favor of defendant, plaintiff brings the case here by writ of error.

Counsel for plaintiff urge that their client is entitled to a new trial because the evidence failed to bring the plaintiff within the terms of the "Guest" statute, and because of "newly discovered" evidence.

There can be no dispute that plaintiff, in stating her claim against defendant, defined his conduct at the time of the accident as negligent, consisting of the willful and wanton disregard of the rights of others, apparently anticipating that defendant would plead the "Guest" statute as a bar to her action. She asked for no exemplary damages.

Where the "Guest" statute, section 371, chapter 16, 1935 C.S.A. is pleaded as a bar, if the defendant establishes that plaintiff was a guest in his automobile, plaintiff then has the burden of proving that defendant's negligence, if any, consisted of a willful and wanton disregard of the rights of others, or that the injury was intentionally inflicted, or was caused by the intoxication of the driver. It is admitted that defendant in the instant case was not engaged as a public carrier, neither was he in the process of demonstrating an automobile to a prospective purchaser at the time of the unfortunate accident. *Helgoth v. Foxhoven,* 125 Colo. 446, 244 P. (2d) 886.

When all the evidence was in, it was crystal clear

that plaintiff was a guest in defendant's automobile, and the burden resting upon her to avoid the bar of the "Guest" statute, had not been sustained. Had the trial court denied the motion for a directed verdict in favor of defendant and submitted the case to the jury, it would have been error. Here we have almost nothing more than simple negligence, and the fact that defendant may have been driving his car at a negligent rate of speed, under the conditions, does not carry the plaintiff's case beyond one of simple negligence.

We quote from *Pupke v. Pupke*, 102 Colo. 337, 79 P. (2d) 290: "We are clearly of the opinion that the facts disclosed in the instant case do not satisfy the requirements of the rule. At the best they show simple negligence as to which, * * * the guest assumed the risk." In *Millington v. Hiedloff*, 96 Colo. 581, 45 P. (2d) 937, we said: "That she drove too fast for safety is obvious in the light of what later occurred. * * * That she knew this was an unsafe rate of speed under the circumstances does not appear from the evidence. * * * that forty-five miles per hour on a wet pavement may be a negligent rate of speed under the conditions also may be conceded. Even so, this does not carry the case beyond one of simple negligence."

In the instant case all parties were on the friendliest of terms; they enjoyed a vacation trip and were returning to their home town. Defendant not only had his girl friend with him, but his mother and aunt. We fail to see how plaintiff could spell out of the evidence any conduct on the part of defendant which would bring the case within the exceptions of the "Guest" statute.

■ We now come to the matter of the so-called "newly discovered evidence," upon which counsel for plaintiff rely for a new trial. By an affidavit, plaintiff, under date of November 7, 1952, stated that after the conclusion of the trial she remembered that she had kept a sheet denominated a "Touraide," and that she kept track of expenses she paid on the trip, and "that at all times

the agreement was I was to pay for the transportation furnished me." In the same affidavit she recites that her counsel said to her "he did not understand how it could be possible that there could be such an agreement as he had inquired of me on several occasions whether or not I had paid or agreed to pay for any part of the trip whether I had paid for my share of the meals, etc. and that on each occasion I had stated there was no such agreement." In her affidavit she also stated that she had made such statements to her counsel and in her deposition. Approximately a year and a half elapsed from the date of the accident until the time of the trial.

Plaintiff did not in her pleadings, or by any evidence adduced upon the trial, even intimate that she had paid anything for her transportation on this vacation trip. In fact, during the trial her counsel objected to questions propounded by counsel for defendant concerning any consideration paid for transportation. The following appears in the cross-examination of plaintiff: "Q. Did you pay anything for this trip?" Mr. Ardell: "I object to that question." The Court: "The objection is overruled." Mr. Ardell: "We never alleged that." In her deposition taken before trial, plaintiff testified: "Q. Did you pay anything for this trip down to Mexico? A. No." Plaintiff would now have us declare that in spite of all her testimony under oath; in spite of all the testing of her memory as indicated by her examination when the deposition was taken, and also upon the trial, that she is now entitled to a new trial because she stated her conclusion that she had forgotten she was to pay something (exactly what, does not appear from her affidavit) for transportation.

■ Speaking of the special tangible benefit which must accrue to the driver of an automobile to take his passenger out of the "Guest" statute, the Supreme Court of California in *Druzanich v. Criley*, 19 Cal. (2d) 439, 107 P. (2d) 445, said: "Where a special tangible benefit to the defendant was the motivating influence for fur-

nishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation." If we were to assume that plaintiff, in spite of her previous statements under oath, could establish that she was to share the expenses of the trip, the rule set forth in the decided cases still bars her, as a matter of law, from recovery in this case. This case was one of reciprocal hospitality or pleasure, and plaintiff's belated attempt to change the entire theory of her trip is unavailing. In the instant case the inducing cause of the transportation was the close friendship of the parties.

Perceiving no error in the record, the judgment is affirmed.