No. 17,450.

ABIE HOLLENBACH *v.* A. J. FAIRBANKS.
(287 P. [2d] 53)

Decided August 8, 1955.   Rehearing denied September 6, 1955.

Messrs. BRADFORD & McDANIEL, Messrs. WHITE & STEELE, for plaintiff in error.

Mr. LEWIS M. PERKINS, Mr. HOWELL W. COBB, Mr. BENTLY M. McMULLIN, for defendant in error.

*En Banc.*

Mr. Justice Bradfield delivered the opinion of the Court.

This case involves a claim for damages for the death of an occupant of a pickup truck resulting from the alleged negligence of the driver of the pickup. Defendant in error was plaintiff and plaintiff in error was defendant in the trial court and will be referred to as they appeared in the trial court. Plaintiff's wife was the deceased. Defendant's wife was the driver of the pickup truck. A jury in the district court of La Plata County returned a verdict for plaintiff and a judgment was entered thereon against defendant. A motion for new trial was denied. Defendant is in this court on a writ of error.

Plaintiff's complaint alleges two claims: First: That on December 12, 1952, defendant sent his wife in his pickup truck on a business errand for defendant, and that defendant induced the wife of plaintiff to accompany defendant's wife on said errand. That plaintiff's wife was killed as a result of the negligence of defendant's wife in the operation of the pickup while engaged on said errand. Second: That the negligence of defendant's wife was in wanton and wilful disregard of the rights of others.

Defendant by answer alleges to each claim (1) that neither states a claim upon which relief can be granted; (2) admits the accident and that defendant's wife was driving, but denies every other allegation of the complaint; then sets up as affirmative defenses (3) contributory negligence of the deceased, (4) the voluntary assumption of risk by the deceased, (5) unavoidable accident, and (6) that defendant's wife was acting as plaintiff's agent at the time of the accident.

Defendant was engaged in a logging operation near Chama, New Mexico. He and his wife lived in a trailer at his logging camp. Plaintiff was a trucker living

nearby with his wife and two small sons in one of defendant's houses.

Plaintiff owned two trucks—a Ford and an International. In 1952 defendant made an agreement with plaintiff to do log hauling for him; defendant did the cutting and loading of the logs, and plaintiff hauled the logs to the mill at Chama, using his own trucks. Plaintiff had been using his Ford which had iron stakes attached; but the Ford, having become disabled, plaintiff was going to use his International. The International had no stakes. Plaintiff accepted defendant's offer to advance funds for the purchase of angle iron required for making the stakes and agreed to reimburse him therefor at a later date. Plaintiff's Ford, being in disrepair and inadequate to use in transporting the needed iron, it having to be procured at and carried from Durango some 115 miles distant, it was further agreed that defendant's wife drive defendant's Chevrolet pickup truck to Durango for said material, providing plaintiff's wife would accompany her on such a trip. Arrangements were made accordingly. The road was icy. The vehicle, coming downgrade, around a curve, skidded out of control to the wrong side of the road down an embankment and turned over, fatally injuring plaintiff's wife.

The trial court overruled defendant's motion to dismiss the first and second claims of plaintiff and for a directed verdict on each claim made at the conclusion of plaintiff's case; also overruled similar motions made at the conclusion of all evidence. The jury returned a single general verdict for plaintiff. The court overruled motions for a new trial or for judgment notwithstanding the verdict.

Defendant urges four points for reversal: (1) That deceased was a guest in the pickup truck at the time of the accident. (2) That the evidence is insufficient to warrant the verdict of negligence, by the driver of the vehicle, consisting of a wilful and wanton disregard of the rights of others. (3) That the court erred in per-

mitting the patrolman to testify as to his opinion as to the maximum safe speed. (4) That the court erred in giving Instructions Nos. 6 and 8 and in refusing to give defendant's requested Instruction No. 2.

*Point 1.* The guest statute here involved is C.S.A. '35, c. 16, sec. 371 (C.R.S. '53, 13-9-1):

"§371. Guest of owner of motor vehicle shall not have cause of action for damages. * * * No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause for damages against such owner or operator for injury, death or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of a wilful and wanton disregard of the rights of others. * * *"

■ To remove deceased from the limitations and restrictions of the guest statute, it must appear that she was in the service of or was being transported for the benefit of the owner or driver of the vehicle, and, further, "that the benefit conferred on the owner or operator of the car must be sufficiently real, tangible and substantial to serve as an inducing cause for the transportation." *Klatka v. Barker et al,* 124 Colo. 588, 239 P. (2d) 607.

Plaintiff claims the defendant was to derive a business benefit from the deceased's going on the trip by possible services to the driver. The suggested services that she might render were vague, indefinite and uncertain and were never specified or communicated to the deceased. The suggested business benefits to this defendant were not real, tangible or substantial in a business sense, nor anything more than would result from any companion who simply went along for the ride. Defendant was to reap no material benefit from the trip. He and plaintiff were independent operators. The stakes were for use on plaintiff's truck, he was to repay defendant for them; he agreed the trip should be made to

get them. The real, tangible and substantial benefits, if any, were for the plaintiff, not the defendant. The loan of defendant's Chevrolet pickup and the service of its driver were purely in accommodation of plaintiff. The evidence does not sustain plaintiff's claim that the services the deceased might have rendered were intended as compensation for her trip. Under the facts the deceased was a guest "without payment for such transportation." The trial court should have so found as a matter of law, there being no substantial evidence to the contrary.

■ *Point 2.* Being a guest, the question then is—did the driver's negligence, if any, consist of a wilful and wanton disregard of the rights of the deceased? The specific charges of negligence which plaintiff relies upon as indicating a wilful and wanton disregard of rights of others was the driver's alleged excessive speed on an icy road under the conditions existing, and her removing her foot from the gas pedal to reach for the brake which, from the record, she never touched. There is no substantial evidence in the record that Mrs. Hollenbach drove at an excessive speed, or of any other driving fault on her part. The mere occurrence of an accident does not imply negligence.

■ The issue under the second claim comes squarely within and is determined by our recent decision in the case of *Pettingell v. Moede,* 129 Colo. 491, 271 P. (2d) 1038, wherein we said that:

"* * * To wilfully and wantonly disregard the rights of others requires a consciousness of heedless and reckless conduct by which the safety of others is endangered. For the purpose of properly construing this statute, ordinary and simple negligence should be considered as resulting from a passive mind, while a wilful and wanton disregard expresses the thought that the action of which complaint is made was the result of an active and purposeful intent. * * * To be 'wilful and wanton' there must be some affirmative act purposefully committed which the actor must have realized as dangerous,

done heedlessly and recklessly without regard to consequences, or of the rights and safety of others, particularly the guest. * * * Wilful action means voluntary, by choice, intentional, purposeful. Wantonness signifies a higher degree of culpability in that it is wholly disregardful of the rights, feelings and safety of others."

See also *Millington v. Hiedloff,* 96 Colo. 581, 586, 45 P. (2d) 937; *Helgoth v. Foxhoven,* 125 Colo. 446, 449, 244 P. (2d) 886; and *Loeffler v. Crandall,* 129 Colo. 384, 387, 270 P. (2d) 769; wherein it was held that once it is established that the person injured was a guest in the automobile, the burden of proving "wilful and wanton disregard of the rights of others" is upon the plaintiff. There is no support in the record for the contention that the driver of the pickup truck acted in a wilful and wanton disregard of the rights of others.

In the record here there was clearly no evidence to sustain the verdict. Inasmuch as the case must be reversed for the reasons assigned, it is not necessary to consider the other points urged for reversal.

For the reasons assigned, the judgment is reversed and the trial court is directed to dismiss the case.

MR. JUSTICE MOORE dissents.