## No. 18,313.

NYLE BICKEL v. WILLIAM STEELY.
(348 P. [2d] 254)

Decided January 11, 1960.

Mr. Alden T. Hill, Mr. Ralph H. Coyte, for plaintiff in error.

Mr. William H. Allen, Mr. William C. Stover, Mr. Eugene E. Mitchell, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error was plaintiff below and defendant in error was defendant. We will refer to the parties as they appeared in the trial court, or by name.

Plaintiff alleged in his complaint that he was riding as a passenger in a truck belonging to and being driven by defendant; that defendant negligently operated the truck, losing control thereof by driving at an excessive rate of speed on the wrong side of the road in disregard of warning signs posted on the highway; that said negligence consisted of a willful and wanton disregard of the rights of plaintiff; that because of said negligence an accident occurred in which plaintiff suffered personal injuries; and that at the time of the incidents complained of plaintiff and defendant were engaged in a joint enterprise for their mutual benefit and for the benefit of their employer.

By answer defendant admitted the fact of an accident at the time and place alleged in the complaint; denied negligence on his part; affirmatively alleged that plaintiff had assumed the risk involved in becoming a passenger; was a "guest" within the coverage of the guest statute; and was guilty of contributory negligence.

At the close of the evidence offered by plaintiff counsel for defendant moved for a directed verdict. The trial court sustained the motion, holding that as a matter of

law the evidence offered by plaintiff established that he was a "guest" within the coverage of C.R.S. '53, 13-9-1, and that no sufficient evidence had been introduced to warrant submission to the jury of the question of willful and wanton negligence on the part of defendant.

Judgment was entered accordingly, and plaintiff brings the cause here for review by writ of error.

Questions to be Determined.

First. *Where an action is brought against the driver of an automobile by a plaintiff who was a passenger therein to recover damages for personal injuries allegedly sustained as a result of the negligence of defendant; where defendant by answer alleges that plaintiff was a "guest" under the coverage of the statute (C.R.S. '53, 13-9-1); where the evidence offered by plaintiff shows that defendant received no tangible and substantial benefit sufficient to serve as an inducing cause for the transportation and where no question of intoxication is involved; did the trial court err in holding as a matter of law that plaintiff was a "guest" within the meaning of such statute?*

■ This question is answered in the negative. No good purpose would be served by setting forth at length the evidence upon which the court found as a matter of law that plaintiff was a guest within the coverage of the pertinent statute (C.R.S. '53, 13-9-1). Suffice it to say that we have examined the record in this connection and our conclusion is that, considering the evidence in the light most favorable to the plaintiff, his status was that of a guest under the statute.

■ In *Klatka v. Barker et al.,* 124 Colo. 588, 239 P. (2d) 607, we said:

" * * * We are disposed to adopt the rule announced in *Scotvold v. Scotvold,* 68 S.D. 53, 298 N.W. 266, that the benefit conferred on the owner or operator of the car must be sufficiently real, tangible and substantial to serve as an inducing cause for the transportation."

There was no evidence offered upon the trial in the

instant action tending to prove that a tangible and substantial benefit of a kind sufficient to "serve as an inducing cause for the transportation" was received by defendant in connection with the automobile trip which terminated in the accident. *Loeffler v. Crandall,* 129 Colo. 384, 270 P. (2d) 769; *Eberle v. Hungerford et al.,* 130 Colo. 167, 274 P. (2d) 93; *Abie Hollenbach v. A. J. Fairbanks,* 132 Colo. 216, 287 P. (2d) 53.

Second. *Did the trial court err in holding that there was no evidence introduced upon the trial on which the jury could return a verdict that defendant was guilty of negligence consisting of a willful and wanton disregard of the rights of plaintiff?*

This question is answered in the affirmative. In *Parker v. City and County of Denver,* 128 Colo. 355, 262 P. (2d) 553, the court stated, inter alia:

" * * * where the evidence on material facts is in conflict, or in event there are undisputed facts upon which reasonable and fair-minded men may form different opinions and draw different conclusions or inferences, then the question of negligence is one for determination by a jury."

Although the Parker case, supra, did not involve the guest statute, the rule there announced is the same when applied to the question of whether wanton and willful disregard of the rights of a guest has been shown by evidence in the trial of an action involving that statute.

Here there is little dispute in the evidence. This does not mean, however, that there is nothing for the consideration of the jury. Numerous circumstances are shown from which "reasonable and fair-minded men may form different opinions and draw different conclusions or inferences" as to whether wantonness and willfulness were evident in the conduct of the defendant. A case somewhat comparable upon the facts is that of *Henniger v. Van Every,* 139 Colo. 144, 337 P. (2d) 7, in which this court reversed a judgment entered fol-

lowing the granting of a motion for a directed verdict in favor of the defendant.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE HALL not participating.