## MENZE v. CLARK.

[No. 20,498. Filed March 25, 1968. No petition for rehearing filed.]

*J. Clyde Hoffman,* of Hagerstown, *Malcom M. Edwards,* of New Castle, for appellant.

*George R. Reller, Brown, Reller, Mendenhall & Kleinknecht,* of Richmond, for appellee.

COOPER, J.—This appeal comes to us from the Superior Court of Wayne County, wherein the Appellant filed an action against the Appellee's decedent, one Jesse Clark, for damages for personal injuries alleged to have been sustained by the Appellant.

The complaint alleged that the plaintiff was injured in an automobile accident which occurred in the State of Colorado while the plaintiff was a paying passenger in an automobile owned and operated by the said Jesse Clark, and that the accident was caused by his negligence in the operation of his automobile. The complaint further alleged and the parties agreed that the substantive law applicable to the facts was the law of the State of Colorado.

After the issues were properly closed, the cause was submitted to the Court for trial, which resulted in the trial court's finding and judgment against the Appellant herein.

In her motion for a new trial, the Appellant alleges as error that the decision of the court was not sustained by sufficient evidence, and that the decision of the court was contrary to law. The overruling of said motion for new trial is the assigned error on appeal.

The Appellant's first specification of error in the motion for a new trial presents no question for our consideration. The burden was upon the Appellant to establish the allegations of her complaint, and a negative decision against the Appellant cannot be attacked upon the ground that there is insufficient evidence to sustain it. *Hinds, Executor of Estate of Sickels, Deceased, etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 41, 129 N. E. 2d 553; *Pokraka, et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 528, 529, 104 N. E. 2d 669, and authorities cited therein.

A negative decision or verdict may be attacked, however, under the Appellant's second specification, namely that the decision is contrary to law. If the undisputed evidence entitles the one who has the burden of proof to a verdict or decision which has been denied him, then such verdict or decision is contrary to law. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Hinds, Executor, etc.* v. *McNair, et al., supra.* In determining such question, we may only consider the evidence most favorable to the Appellee together with all reasonable inferences which may be drawn therefrom. "It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." *Pokraka* v. *Lummus Co., supra; Hinds, Executor, etc.* v. *McNair, et al., supra.*

An examination of the evidence in the record now before us most favorable to the Appellee discloses, in substance, that the plaintiff and defendant below, were both unmarried at the time of their first vacation trip together in 1953, and that the parties, at the time of this action were still unmarried; that in the years of 1953, 1954, 1955, and 1956, the parties went on vacation trips together, in which trips they did in fact share all the expenses, including gasoline, oil, minor maintenance to the automobile, food, lodging and entertainment; that both of the parties enjoyed each other's company and both were interested in traveling and sightseeing, and that they started to take a vacation trip to California in August of 1957.

It appears from the evidence that before August 25, 1957, the said Clark went to the home of the plaintiff and informed her that he wanted to take a vacation trip to Yosemite National Park in California, that he desired the plaintiff to accompany him, but that he would be unable to make the trip unless the plaintiff paid one-half of the expenses of the trip. The plaintiff consented to do this, and expressed a desire to visit also the Rushmore Memorial Park in South Dakota. After reaching said understanding, the parties left Richmond, Indiana, on or about August 25, 1957, in Jesse Clark's 1956 Chevrolet automobile, which he drove, having as their planned destination Yosemite National Park.

The parties proceeded to Muncie, Indiana, where they attended the Clark family reunion, then they continued to Knox, Indiana, where they stayed overnight. The next day they traveled to Madison, Wisconsin, and to Spencer, Iowa, where they stayed overnight. They spent the next night at Kodiak, South Dakota, proceeded the next day to Mount Rushmore National Park in the Black Hills of South Dakota and from there they proceeded to Loveland, Colorado, and to the Estes National Park. They also stopped at the Moraine Museum in the Rocky Mountain National Park. From Loveland, Colorado, until the time of the accident, the said Clark drove his automobile exclusively with no assistance.

It also appears that the parties shared the same motel room on occasion and also registered in motels as J. E. Clark and wife. Both of the parties had incurred some expenses during the course of the trip, and they planned to make a final settlement between themselves upon their return home.

On the day of the accident, they left the Moraine Museum at about 9:00 a.m., and the defendant Clark was driving his automobile on Colorado State Highway #262, within the limits of the Rocky Mountain National Park, at a speed of about thirty miles per hour. The road was a black top two lane highway. The pavement was dry and the visibility was good. The road inclined slightly and curved gradually to the left. The automobile left the pavement on the right side of the road and ran into a partially imbedded rock and a tree about three feet off the highway, damaging the automobile and causing injuries to the plaintiff's leg, ankle and foot.

The record reveals that the parties agreed that the substantive law of the State of Colorado governed the liability in this cause. The pertinent part of the Guest Statute of the State of Colorado provides as follows:

> "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death, or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator, or caused by his intoxication, or by negligence consisting of a wilfull and wanton disregard to the rights of others. . ."

Under the Colorado law, the guest statute must be construed to preclude recovery for death or injury except under conditions therein specified. *Taylor* v. *Welle* (1960), 143 Colo. 37, 352 P. 2d 106; *Coffman* v. *Godsoe* (1960), 142 Colo. 575, 351 P. 2d 808.

The statute creates a special status and special rights and obligations. It contemplates that the guest accepted the rela-

tionship with its attendant hazards, and a mere incidental benefit resulting to a driver from transportation provided a passenger is not sufficient to withdraw the protection accorded by the guest statute. To withdraw such protection, the benefit received by the driver must have been given under circumstances indicating that it induced the driver to provide the transportation. *Coffman* v. *Godsoe, supra; Folkers* v. *Brohardt* (1960), 142 Colo. 407, 352 P. 2d 792; *Klatka* v. *Barker, et al.* (1951), 124 Colo. 588, 239 P. 2d 607, 609, and cases cited.

In the above mentioned *Klatka* case, at page 609, we find the following statement:

". . . that the benefit conferred on the owner or operator of the car must be sufficiently real, tangible and substantial to serve as an inducing cause for the transportation."

In reviewing the Colorado cases under the guest statute, we find the following statement in the case of *Loeffler* v. *Crandall* (1954), 129 Colo. 384, 270 P. 2d 769 at 771, wherein the Colorado Supreme Court held:

"Where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to be given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. *The payment of a portion of the expenses as for gas and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. If we were to assume that the plaintiff, in spite of her previous statements under oath, could establish that she was to share the expenses of the trip, the rule set forth in the decided cases still bars her, as a matter of law from recovery in this case. This case was one of reciprocal hospitality or pleasure and the plaintiff's belated attempt to change the entire theory of her trip is unavailing. In the instant case the inducing cause of the transportation was the close friendship of the parties*" (our emphasis).

We feel that the language of the foregoing Colorado case is applicable to the fact situation in the instant case. Under

the evidence in the record of this case, and the law as set out in the foregoing Colorado cases, we cannot say as a matter of law that the evidence could have led to but one conclusion and the trial court reached an opposite conclusion, and that the judgment therefore was contrary to law.

Judgment affirmed.

Carson, C. J., Faulconer and Prime, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 69.