McGUIRE v. ARMSTRONG.

1. MOTOR VEHICLES—EVIDENCE—JUDGMENT NON OBSTANTE VEREDICTO—PASSENGERS.

Testimony that deceased wife was patient of township instead of county, given at hearing on motion for judgment *non obstante veredicto* after entry of judgment for plaintiff in action

by husband against county nurse in her individual capacity for loss of wife's services due to injuries received while a passenger as indigent patient in defendant's car *held*, improper at such hearing.

2. SAME—PASSENGER—CONSIDERATION FROM THIRD PARTY.

Recovery may be had for injuries sustained by passenger as a result of ordinary negligence when a third party compensates defendant for transporting his passenger, the test being whether transportation was furnished gratuitously (1 Comp. Laws 1929, § 4648).

3. SAME—TRANSPORTATION OF INDIGENT PATIENTS—COUNTY NURSE.

Transportation of indigent patients to clinics by county nurse *held*, within the scope of her duties as county nurse for which she was paid by county and not by patient or her husband, so as to render nurse liable for injuries to patient received as result of ordinary negligence (1 Comp. Laws 1929, § 4648).

4. SAME—GUEST.

The word "guest" as used in motor vehicle guest act connotes both a social relationship and the existence of a host (1 Comp. Laws 1929, § 4648).

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 5, 1934. (Docket No. 28, Calendar No. 37,427.) Decided July 2, 1934.

Case by Con McGuire against Anna Armstrong for loss of services of wife who died as a result of personal injuries received while a passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Cornelius Hoffius* (*R. Van Kovering,* of counsel), for plaintiff.

*Arthur F. Shaw,* for defendant.

BUSHNELL, J. Plaintiff recovered a judgment of $1,000 against defendant, a nurse employed by Kent

county, for the loss of his wife's services. The sole question presented by the appeal is whether deceased was a guest passenger in the automobile driven by defendant. The deceased, who was being treated for cataracts on her eyes, had made four previous trips with the defendant for this purpose. There is some immaterial dispute as to whether plaintiff's wife was a county or township patient, but, in any event, she was being taken by the county nurse to Grand Rapids for the purpose of having glasses fitted for her eyes, and neither she nor her husband was paying for the treatment or transportation.

The morning of the accident, the nurse had five passengers in her car, and Mrs. McGuire was in the front seat. The fog had just lifted and there was a bright sun blinding Mrs. Armstrong's vision. Her knowledge of the head-on collision, which resulted in Mrs. McGuire's death a few hours later, is limited to the following testimony:

"I thought I was on my own side of the road. I always aim to drive on that side and the first thing I saw was this car loomed up right in front of me and that is all I know."

Did the trial court err in holding that Mrs. McGuire was not a guest passenger of either the county or its employee, Mrs. Armstrong? The so-called guest statute, 1 Comp. Laws 1929, § 4648, reads, in part:

"Provided, however, that no person, transported by the owner or operator of a motor vehicle *as his guest without payment for such transportation* shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been

caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.''

At the trial, no testimony was offered by the defendant and plaintiff's witnesses were not subjected to cross-examination. Eighteen days after the entry of the judgment on the jury's verdict, on the hearing of a motion for entry of judgment *non obstante veredicto,* defendant attempted to show that the transportation was furnished by the county as a convenience to the township, and the claim was then made that the deceased was the patient of the township. This testimony was not proper on the hearing of the motion.

Appellant's brief cites only one case, *Morgan* v. *Tourangeau,* 259 Mich. 598, in support of her contention that since Mrs. McGuire was being transported without payment, she must necessarily have been a guest. That case held that plaintiff was a gratuitous passenger, even though she was permitted to buy some gasoline during the course, of a pleasure trip. The language of the statute does not emphasize the necessity of payment by the passenger himself, but rather the question is, Was the transportation furnished gratuitously? There is ample authority for allowing a recovery for ordinary negligence when a third party compensates the defendant for transporting his passenger.

In *Dahl* v. *Moore,* 161 Wash. 503 (297 Pac. 218), defendant was employed by a realty company to sell real estate. Prospects were furnished with transportation tickets and were driven by the defendant to view the property. If a sale was made, the company paid a commission. Otherwise, the defendant

only received reimbursement for her expenditures for gas and oil. The court refused to find that a prospect was a guest under such an arrangement.

See, also, *Sullivan* v. *Richardson,* 119 Cal. App. 367 (6 Pac. [2d] 567).

A school pupil, transported to school in a special bus provided for that purpose under contract with the bus driver, was held not to be a guest in *Smith* v. *Fall River Joint Union High School Dist.,* 118 Cal. App. 673 (5 Pac. [2d] 930). After a discussion of the reasons for the enactment of the guest statute, the court held:

"We do not believe * * * that it was ever the intent of the legislature, in a case where the driver received compensation for the passenger, that the latter should be classed as a 'guest' where the result would be the deprivation of the right to recover upon the ground of ordinary negligence."

The consideration need not pass from the passenger to the driver. If the driver receives a direct benefit from another, the service is not gratuitous and there is no guest relationship. Mrs. Armstrong admitted that it was her duty as a county nurse to bring patients to various clinics in Grand Rapids. It is reasonable to infer that the transportation of such passengers as the deceased was within the course of defendant's employment. From the testimony, it seems that it was within the scope of the county's duties to provide medical services for the indigent. Transportation was furnished by the county for that purpose and defendant, at the time of the accident, was engaged in the performance of one of the duties for which she was paid.

In addition to our own case of *Caswell* v. *Railroad Co.,* 263 Mich. 18, and *Kruy* v. *Smith,* 108 Conn. 628

(144 Atl. 304), cited by appellee, we have also examined the following guest cases, which we tabulate as a matter of information.

The plaintiff was held to be a guest where he was a passenger solely for the purpose of showing the defendant the way to his destination, in *Master* v. *Horowitz,* 237 App. Div. 237 (261 N. Y. Supp. 722), but, see *contra, Lyttle* v. *Monto,* 248 Mass. 340 (142 N. E. 795); and a patient riding in a private ambulance without payment therefor was determined to be a guest in *Leete* v. *Griswold Post, American Legion,* 114 Conn. 400 (158 Atl. 919).

Passengers were held not to be guests in the following cases: farm employee driven to work by employer, *Russell* v. *Parlee,* 115 Conn. 687 (163 Atl. 404); servant being driven by employer to buy shoes for use in employment, *Knutson* v. *Lurie,* 217 Iowa, 192 (251 N. W. 147); nurse riding with patient, *Hart* v. *Hogan,* 173 Wash. 598 (24 Pac. [2d] 99); one to whom a car was being demonstrated, *Crawford* v. *Foster,* 110 Cal. App. 81 (293 Pac. 841), and *Bookhart* v. *Greenlease-Lied Motor Co.,* 215 Iowa, 8 (244 N. W. 721); one gratuitously helping to deliver goods, *Jackson* v. *Queen,* 257 Mass. 515 (154 N. E. 78); skilled driver accompanying novice for benefit of novice, *Semons* v. *Towns,* 285 Mass. 96 (188 N. E. 605); prospective employee looking over a paper route, *Sumner* v. *Edmunds,* 130 Cal. App. 770 (21 Pac. [2d] 159); a child forced to ride in car against her will, *Kastel* v. *Stieber* (Cal. App.), 297 Pac. 932.

The reasoning of the case of *Loftus* v. *Pelletier,* 223 Mass. 63 (111 N. E. 712), is helpful. Plaintiff, a district nurse, was injured while being driven to the home of a patient by Dr. Pelletier. The nurse was employed by a charitable organization to attend indigent patients, and it was a common thing for doc-

tors to drive nurses to such cases when making calls, it being the nurse's duty to accompany the doctor upon his request. In holding plaintiff was not a guest, the court said:

"These two pieces of testimony taken together warranted a finding that a right to be transported to the patient was an implied term of the plaintiff's contract of employment when the patient lived two miles out of town, and that under that contract the plaintiff was bound to accept the doctor's automobile as the method of that transportation when it was offered to her. From these findings it followed or at least could have been inferred that at the time of the accident the plaintiff was being carried under her contract of employment, that is to say, that she was being carried by the defendant for hire."

In the instant case, the transportation offered the deceased was adopted by her under the direction of the county which had assumed charge of her case.

The word "guest" connotes both a social relationship and the existence of a host. Neither situation is present in this case. Mrs. McGuire was not a guest and the judgment is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with BUSHNELL, J. NORTH and WIEST, JJ., concurred in the result.