No. 15,668.

DOBBS *v.* SUGIOKA.
(185 P. [2d] 784)

Decided October 6, 1947.

Messrs. BANCROFT, BLOOD & LAWS, for plaintiff in error.

Mr. JOHN E. FITZPATRICK, MARY SEACH, Mr. GLEN A. LAUGHLIN, for defendant in error.

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there. They were traveling by automobile and an accident occurred in which plaintiff was injured. Charging her injuries to the negligence of defendant she obtained a verdict and judgment for $3,000, to review which defendant prosecutes error. Two of his specifications amount merely to an assertion that the judgment is unsupported by the evidence and the other three go to refused instructions.

The accident in question occurred in Wyoming and defendant contends that plaintiff's action is barred by the Wyoming "Guest Statute," section 72-701, Wyoming Revised Statutes, 1931, which, so far as applicable here, is almost identical with our own, i.e., section 371, chapter 16, '35 C.S.A. He says that plaintiff was "guest" as

that term is used therein; she says she was not. Such is the crucial question presented.

Both parties were in the joint employ of several missionary societies, hereinafter referred to as "The Plan." As such it was their duty to attend and report certain conferences. Defendant was executive secretary in the Denver office and plaintiff was his secretary and stenographer. One of the conferences referred to was to be conducted at Casper, Wyoming. They were en route there in defendant's automobile and the expenses of the trip were paid by him from funds furnished by The Plan.

■ ■ Under provisions of the statute here applicable plaintiff could not recover if she was being transported "as his guest without payment for such transportation," unless he was guilty of gross negligence which caused the accident and contributed to the injury. Since there is no evidence that defendant's negligence, if any, was gross we must first determine if plaintiff was his guest and, there being no serious dispute as to the facts, the question is one of law, i.e., Was plaintiff, under the circumstances, within the legal definition of the term "guest" as used in the statute? The nearest applicable definition of Webster is, one "entertained without pay," "a person to whom hospitality * * * is extended." The requisite legal definition need not be identical. It will help to bear in mind the purpose of these guest statutes. Clearly they were enacted to prevent recovery by those who had no moral right to recompense, those carried for their own convenience, for their own business or pleasure, those invited by the operator as a mere generous gesture, "hitchhikers" and "bums" who sought to make profit out of softhearted and unfortunate motorists. Prior to the passage of these acts court dockets were cluttered with such suits. That plaintiff could not be classified with any of these, witness the facts: The parties were both employed by the same principal, in the same office, interested in the same activity and on an

obligatory mission. Defendant was permitted, but not compelled, to furnish the transportation. He testifies, "I was furnishing the transportation in my car. The pay was to come, as it always does, from the overhead expense of the conference. * * * If they [other employes of the Plan were in the car] did not come in my car, then I would pay them."

■ "The relationship of host and guest does not exist between the operator of an automobile and an occupant of that automobile if the occupant is being carried for the benefit or in the business of the operator, or for the benefit or in the business of the operator's principal." *Hart v. Hogan*, 173 Wash. 598, 24 P. (2d) 99.

Under somewhat similar circumstances we said:

"These two boys, in conformity to the desire of each, took a particular car for a particular trip and shared between them the duty of driver."

"If there is such a thing as a joint enterprise in relation to the use of an automobile we think this is it." *Boyd v. Close*, 82 Colo. 150-155, 257 Pac. 1079.

The conference at Casper was presumably of direct benefit to the Plan, hence to these parties as its employes. It follows that plaintiff was no guest. *McGuire v. Armstrong*, 268 Mich. 152, 255 N.W. 745.

■ One who is gratuitously assisting an employe of the owner of the automobile in the discharge of his duties is no guest. *Scholz v. Leuer*, 7 Wash. (2d) 76, 109 P. (2d) 294.

■■ The foregoing authorities should be considered in the light of two legal propositions here applicable and for our present purpose these are thus correctly and briefly stated: "One who suffers an injury to his person or property because of the negligent act of another has a right of action therefor at common law." 45 C.J., p. 1045, §601. "All statutes in derogation of the common law or common rights are to be construed strictly." 59 C.J., p. 1124, §665.

■ At common law plaintiff's cause of action would not depend on proof of gross negligence. Since the guest statute deprives one within its terms of a right theretofore existing it is in derogation of the common law and should be strictly construed. Hence one relying on the guest statute has the burden of clearly establishing that claimant was such guest. Our inevitable conclusion here is that plaintiff was not a guest.

■ On the question of the sufficiency of the evidence, further notice thereof should be taken. These , parties shared the driving, exchanging from time to time. On the last lap plaintiff, an experienced driver, was at the wheel. On a wet pavement the car began to skid. Defendant "grabbed" the wheel. It turned round, overturned and went into the ditch and plaintiff sustained the injury complained of. It is sufficient to say that in our opinion the record discloses ample evidence to support a finding that defendant's conduct was the proximate cause of the accident and injury. A simple quotation from his testimony, even if it stood alone, was sufficient to take the case to the jury. He said, "The car skidded, and as it swung round I grabbed ahold of the wheel and tried to help hold the car in the road. *As a result* the car turned around and overturned and ·we went in the ditch. I had been dozing—I do not know if I had been sleeping or dozing off just prior to the time the car started to skid. I don't recall whether I woke up — I know it had not been very long I had been dozing. I don't recall whether or not the car skidding or swerving caused me to wake up."

■ ■ Tendered instruction No. 2 relates to defendant's right of action in an emergency. We think it unsupported by the evidence. Tendered instruction No. 3 was amply covered by No. 9 given. Tendered instruction No. 4 submitted to the jury the Wyoming statute and the question of guest or no guest. Since the facts were not in dispute that question was for the court.

Accordingly each of these tendered instructions was properly refused.

The judgment is affirmed.

Mr. Justice Jackson and Mr. Justice Luxford concur.