No. 16,616.

KLATKA *v*. BARKER ET AL.
(239 P. [2d] 607)

Decided December 24, 1951.

Messrs. SANDHOUSE & SANDHOUSE, for plaintiff in error.

Messrs. MUNSON, KREAGER & SUBLETT, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

DEFENDANTS in error were plaintiffs, and plaintiff in error was defendant, in the district court, and we will refer to the parties as they there appeared, or by name.

Plaintiffs, in their complaint, alleged in substance that on October 25, 1948 defendant's son, Earl Klatka negligently drove defendant's automobile against another vehicle at a highway intersection; that plaintiff's son, Garold B. Barker, Jr., age 14 years, was riding in the Klatka car and was killed in the accident. Plaintiffs prayed for $5,000 damages. Defendant, by answer, denied negligence; alleged that Garold B. Barker, Jr. was a nonpaying passenger and guest in defendant's automobile, and that the negligence of the driver of defendant's car, if any, did not amount to a willful and wanton disregard of the rights of others. By replication plaintiffs denied their son was a nonpaying passenger and guest in defendant's car, and charged the driver of defendant's car with willful and wanton disregard of the rights of others.

The case was tried to a jury. At the conclusion of plaintiffs' case, defendant moved for dismissal thereof, asserting the evidence disclosed that deceased was a guest in defendant's car under the provisions of section 371, chapter 16, '35 C.S.A., and further maintaining the evidence did not disclose the driver acted willfully and wantonly at the time of the unfortunate accident. In overruling this motion, the trial court observed:

"The testimony discloses that the defendant Klatka, who furnished the car, furnished this transportation as a public spirited citizen to help the band, the school, and the community * * *. That of course is a very commendable attitude, and one which has become rather common with the extension of these school activities.

\* \* \*

"The benefit to be obtained was psychological, but the phychological benefit is not restricted to the students themselves. There is a community interest, as we all know, and I might say also a community benefit in the pride that an individual will take in the accomplishments

of organizations of that kind, and I think the defendant Klatka probably showed that feeling though he did not live in the Town of Haxtun. His boy was a member of the band, and I think he shared the general feeling of pride of achievement which would naturally follow the performance of this organization.

* * *

"It may seem a very harsh rule to hold that one who is generous enough to provide facilities for transporting an organization of this kind should be subjected to litigation.

* * *

"The guest statute does not apply; that the Barker boy was not a guest within the meaning of the statutory definition.

"Now I also have indicated that in my judgment the facts, as revealed by the evidence, do not constitute willful, reckless disregard of the rights of others, and willful and reckless negligence."

The jury awarded plaintiffs damages in the amount of $5,000. Defendant brings the cause here for review, seeking a reversal of the judgment entered on the verdict.

The element of willful and wanton conduct on the part of the driver of defendant's car was properly eliminated by the trial court. There remains for determination the question of whether or not, under the facts of this case, plaintiff's son was a guest within the meaning of section 371, supra. This statute provides: "No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of willful and wanton disregard of the rights of others."

. No serious dispute concerning the facts being involved, the question is one of law.

The evidence discloses that defendant was living near Paoli, Colorado, had a wife and three sons. One son, Don, was attending the Haxtun High School and was a member of the school band. September 25, 1948 was designated as "Band Day" at the University of Colorado, consequently bands from many high schools were invited to participate in competition at Boulder, Colorado. Among the bands participating was the Haxtun School Band, which was transported to Boulder in automobiles made available by various citizens of the community, including defendant. Earl Klatka, another son of defendant, drove the vehicle. Defendant's wife also went on the trip. In addition to Mrs. Klatka, another son of defendant, Don Klatka, two other persons and Garold B. Barker, Jr., son of plaintiffs, also a member of the band, were passengers in defendant's automobile. The director of the band testified that the purpose of the journey was to motivate the instrumental department of the school, and for the inspiration the students would receive from the trip and hearing other competing bands. Garold B. Barker, Jr., by choice, rode in defendant's car. No payment was made for transportation furnished by any driver. On the return trip from Boulder the fatal accident occurred at the intersection of two highways, resulting in the death of plaintiffs' son, and the wife and one son of defendant.

When the trial court ruled on defendant's motion for a new trial he expressed doubt regarding the applicability of the guest statute, stating: "These matters can, and no doubt will be presented on appeal." He held: "Because of the conditions under which the transportation was furnished and the purpose of the visit to Boulder," the guest statute did not apply.

The guest statutes of the several states are not uniform in the language employed. Some, like the Colorado enactment, require "payment" to exempt a passenger from

the guest class. Others require "compensation" to remove a passenger from that class. In *Chaplowe v. Powsner*, 129 Conn. 188, 175 Atl. 470, and *Nyberg v. Kirby* (Nevada), 188 P. (2d) 1006, the distinction is well defined.

Under the California statute which requires "compensation" there are numerous decisions which hold that an inference of benefit cannot be considered when the inference is based on conjecture. In the instant case the trial court felt there was a "psychological benefit" to be derived from the trip. It was said in *McGuire v. Armstrong*, 268 Mich. 152, 255 N.W. 745, "If the driver receives a direct benefit from another, the service is not gratuitous and there is no guest relationship." We are disposed to adopt the rule announced in *Scotvold v. Scotvold*, 68 S.D. 53, 298 N.W. 266, that the benefit conferred on the owner or operator of the car must be sufficiently real, tangible and substantial to serve as an inducing cause for the transportation.

In *American Smelting & Refining Co. v. Sutyak*, 175 F. (2d) 123, the Circuit Court of Appeals of the Tenth Circuit said: "It was of some financial benefit to the defendant to process at its smelter the ore produced through the labor of its own employees, through the labor of the employees of Collins, and through the labor of those operating under a split check arrangement with Collins." See, also, *Fuller v. Tucker*, 4 Wash. (2d) 426, 103 P. (2d) 1086, in which the court approved the doctrine in *Syverson v. Berg*, 194 Wash. 86, 77 P. (2d) 382, wherein it was held that to take a person riding with another out of the guest class two requirements are necessary: (1) an actual or potential benefit in a material or business sense resulting or to result to the owner, and (2) that the transportation be motivated by the expectation of such benefit.

In *Audia v. DeAngelis*, 121 Conn. 336, 185 Atl. 78, a boy was permitted to ride with defendant on a grocery truck and occasionally delivered packages from the truck

to customers. The lad was injured while so riding. He was held to be a guest.

A shipper who was riding on a truck carrying stock and assisted with the handling of the stock, was held to be a guest in *Miller v. Miller*, 395 Ill. 273, 69 N.E. (2d) 878. See, also, *Vogrin v. Bigger*, 159 Kas. 271, 154 P. (2d) 111; *Melcher v. Adams*, 174 Ore. 75, 146 P. (2d) 354.

In the instant case Garold B. Barker, Jr. was being carried for his own convenience, pleasure and purpose. He was not on business for defendant. The record shows that he had asked one of the Klatka boys if he might ride with them to Boulder. He made no payment directly or indirectly for the transportation. Any personal satisfaction which defendant may have derived from gratification of his desire to do his part in furtherance of a community enterprise cannot be interpreted as "payment" under our guest statute. Such is wholly inadequate to give rise to a cause of action against him under the facts as disclosed by this record. Other than this, defendant received no material benefit in any manner whatsoever.

In 4 Blashfield Cyclopedia of Automobile Law and Practice, section 2292, we find this pertinent language: "One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage * * * the fact that it contemplated that some indirect benefit will accrue to the operator of the automobile, to which the carriage will have in some degree contributed collaterally or by way of inducement, is not sufficient to make the carriage one for mutual benefit within the rule as stated."

How can it be determined in the instant case that direct benefit to defendant was the motivating influence for furnishing young Barker transportation to Boulder?

Plaintiffs assert that our decision in *Dobbs v. Sugioka*, 117 Colo. 218, 185 P. (2d) 784, justified the ruling of the

trial court. In that case, we said: "The relationship of host and guest does not exist between the operator of an automobile and an occupant of that automobile if the occupant is being carried for the benefit or in the business of the operator, or for the benefit or in the business of the operator's principal." Citing *Hart v. Hogan*, 173 Wash. 598, 24 P. (2d) 99.

In the Dobbs case the driver and the occupant were in the employ of a missionary enterprise which reference was made to as The Plan. Dobbs was executive secretary of The Plan and Sugioka was his secretary and stenographer. While engaged on business of The Plan, and in Dobbs' car en route to a Wyoming town, Dobbs shared the driving with Sugioka. During the time Sugioka was driving the car, Dobbs grasped the steering wheel, resulting in an accident in which Sugioka was injured. It was shown that had Sugioka not shared the ride with Dobbs on this occasion, Dobbs would have been responsible for the payment of Sugioka's transportation. Hence, it was held that Dobbs' passenger was not a guest.

We have carefully reviewed the cases cited by plaintiffs' counsel. To herein distinguish those cited cases, and facts, from those in the instant case would unduly prolong this opinion. Suffice it to say that the factual situations therein differ from the present case. We are unable to find evidence in this record of special tangible benefit to the defendant as a motivating influence for furnishing the transportation to Barker. Such special benefit is necessary even under the cases cited by plaintiffs. No such benefit accrued to defendant by reason of the use of his car on the day of the fatal accident. The fact that the drivers of the cars which carried these band members to the football game at Boulder were given free admission to the game cannot be construed as a benefit which would fix liability on defendant for the unfortunate accident which took not only the life of

young Barker, but also the lives of defendant's wife and son.

We must conclude that deceased in the instant case was a guest, and under the record as made, defendant cannot be held in damages for his death; hence, other specifications of error are not considered. The judgment is reversed and the cause remanded with instructions to the trial court to dismiss plaintiffs' action.