No. 18,357.

ROBERTA DEVAULT HOUGHTALING v. MARY DAVIS.
(344 P. [2d] 176)

Decided September 21, 1959.

Mr. JOHN F. MUELLER, Mr. GREGORY A. MUELLER, Mr. ALBERT A. NORBONT, for plaintiff in error.

Mr. HAROLD H. HARRISON, Mr. ROBERT E. LONG, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

MARY DAVIS, to whom we will refer as Mary, filed an action in the trial court against three defendants, one of whom was Roberta DeVault Houghtaling, to whom we will refer as Roberta. The other defendants were relieved of responsibility in the trial court and we mention them no further.

Mary sought to recover damages for personal injuries allegedly sustained by her in a collision of automobiles at the intersection of East Asbury avenue and South Logan street in Denver. She was riding in the auto-

mobile driven by Roberta. She alleged in her complaint, inter alia:

"That at the approximate time, date and place as above mentioned, the Defendant, Roberta DeVauylt Houghtaling, was then and there operating and driving the aforesaid automobile in a willfully and wantonly negligent, reckless and careless manner; that as a direct and proximate · result of the said negligence, carelessness and recklessness of the Defendant, Roberta DeVault Houghtaling, as aforesaid, the automobile in which the Plaintiff, Mary Davis, was riding as a passenger and which automobile the Defendant, Roberta DeVault Houghtaling, was driving and operating as aforesaid, was violently propelled into, upon and against another automobile, and that as a direct and proximate result of the willful and wanton recklessness, carelessness and negligence of the Defendant, Roberta DeVault Houghtaling, as aforesaid, the Plaintiff, Mary Davis, was thrown violently about the automobile in which she was then and there riding."

In the answer filed by Roberta she admitted the fact of the collision; denied that she was negligent; and disclaimed knowledge concerning the extent of damage and injury suffered by Mary because of the accident. In addition she alleged as a second defense, " * * * that at the time and place of the collision, the plaintiff was riding as a passenger and as the guest of this defendant within the meaning and intent of Section 13-9-1 of the Colorado Revised Statutes."

The jury returned a verdict in favor of Mary for the sum of $6,000.00 plus interest, and judgment entered thereon. Roberta brings the cause here for review by writ of error.

Facts which are admitted, or for which there is ample support in the evidence, are as follows: Mary and Roberta worked for the same employer. They became acquainted in 1955. On a day in October 1955 the person who theretofore had driven Mary to work failed to call

for her and she phoned her employer asking that some-one be sent for her. Roberta was sent out by the employer to bring Mary to work. Within a few days thereafter Mary began regularly to ride to and from work with Roberta. The first week after that arrangement began Mary paid Roberta $1.50 as the latter explained, "to apply towards the gas, like she had been doing with the other girl." Mary continued to pay Roberta $1.50 each week thereafter until the date of the accident in April, 1956. Roberta usually picked Mary up at the intersection of South Broadway and Mississippi avenue. On rare occasions, however, the pick-up would be at her home, at which times she paid Roberta additional amounts. Two other women also rode to work with Roberta, one of whom paid $1.50 per week regularly, and it is clear that Roberta expected to receive payment from the other.

South Logan street is a through street, marked with stop signs on either side. Roberta was driving east on Asbury avenue and was attempting to cross Logan street at the time of the accident. There was evidence that Roberta did not stop before entering the intersection and that she did in fact take the right-of-way from a car proceeding north on Logan street. The two cars collided, thereby causing the injuries and damage for which plaintiff claimed recovery.

Counsel for Roberta argues that the trial court erred in overruling the motion to dismiss made on behalf of Roberta at the conclusion of all the evidence. Four points are made in support of the argument for reversal, to-wit:

1. "That the evidence and pleadings establish the relationship of plaintiff and this defendant as· host and guest within the meaning of Colorado Revised Statutes 1953, §13-9-1, known as the 'guest statute.'

2. "That there was no evidence of payment of any real, tangible or substantial consideration as payment for transportation to this defendant by the plaintiff as

required by Colorado Revised Statutes 1953, §13-9-1, known as the 'guest statute.'

3. "That there was no evidence of willful and wanton misconduct by this defendant which caused or contributed to the accident and any injuries suffered by plaintiff.

4. "That plaintiff pleaded willful and wanton misconduct by this defendant to establish liability for injuries suffered by her while riding with defendant and did not plead that she was a passenger for hire in the automobile of defendant at the time of the accident."

Questions to be Determined.

First: *Where plaintiff in a tort action growing out of an automobile collision alleges that she "was riding as a passenger" in the car of the defendant who was driving the automobile "in a willfully and wantonly negligent, reckless and careless manner"; does she thereby acknowledge by her pleading that she was a "guest" within the meaning of C.R.S. '53, 13-9-1, and preclude recovery on any basis other than a showing of wanton and willful negligence?*

■ ■ This question is answered in the negative. Use of the specific words above quoted from the complaint did not, in legal effect, amount to an allegation by Mary that she was a "guest" within the technical meaning of that word as employed in the statute (C.R.S. '53, 13-9-1). Contained within the meaning of the words "willful and wanton" negligence, there must also be, and is, the lesser degree of simple or ordinary negligence. The fact that Mary alleged that she "was riding as a passenger" does not amount to an election on her part to assume the status of "guest" as that term is used and defined in the statute. Any person who rides with another in a conveyance provided by the latter is a passenger. Whether such passenger is a guest within the coverage of the statute is a matter which must be determined from the evidence.

Second: *Was there sufficient evidence of payment of*

*value to defendant as consideration for the transportation of plaintiff to warrant submission of the case to the jury on the issue of simple negligence?*

This question is answered in the affirmative. In *Klatka v. Barker,* 124 Colo. 588, 239 P. (2d) 607, it was held that for the owner or operator of an automobile to be deprived of the protection of the guest statute on the ground of receipt of "payment for such transportation" it must appear from the evidence "that the benefit conferred on the owner or operator of the car must be sufficiently real, tangible and substantial to serve as an inducing cause for the transportation."

■ The trial court correctly held that the evidence raised no issue of fact under the guest statute. The evidence, considered in the light most favorable to Roberta, was that she received $1.50 per week from Mary, with additional amounts for home pick-ups, and that others paid a like sum for the same service. An established routine which was mutually satisfactory to the parties had continued for about twenty weeks. The duration of the relationship between Mary and Roberta, the regularity of the transportation provided, and the regular receipt by Roberta of the agreed payment are wholly inconsistent with the claim that Mary was a "guest" within the meaning of the statute. *Klatka v. Barker,* supra; *Eberle v. Hungerford,* 130 Colo. 167, 274 P. (2d) 93; *Pettingell v. Moede,* 129 Colo. 484, 271 P. (2d) 1038; and *Hollenbach v. Fairbanks,* 132 Colo. 216, 287 P. (2d) 53, which are relied on by counsel for Roberta, are clearly distinguishable on the facts.

Third: *Was it necessary for the plaintiff to allege in her complaint that she was a passenger for hire?*

■ This question is answered in the negative. Counsel for Roberta argue that Mary had the burden to establish that she was a passenger for hire. They state in their brief:

"The plaintiff failed to either plead or prove that the transportation of plaintiff was upon the basis of 'pay-

ment for such transportation.' * * * For these reasons and because the plaintiff failed to sustain her burden of proof to remove the action from the provisions of the guest statute the motion of defendant to dismiss at the conclusion of evidence should have been sustained by the court and its refusal to do so was error."

We know of no authority for this contention. The cases cited by counsel (*Helgoth v. Foxhoven,* 125 Colo. 446, 244 P. (2d) 886 and *Eberle v. Hungerford,* supra,) do not support any such doctrine. The opinion of this court in *Dobbs v. Sugioka,* 117 Colo. 218, 185 P. (2d) 784, contains the following pertinent language:

"At common law plaintiff's cause of action would not depend on proof of gross negligence. Since the guest statute deprives one within its terms of a right theretofore existing it is in derogation of the common law and should be strictly construed. Hence one relying on the guest statute has the burden of clearly establishing that claimant was such guest. Our inevitable conclusion here is that plaintiff was not a guest."

In the instant case Roberta relied upon the guest statute as a defense. It was her answer which tendered issues in connection therewith, and she had "the burden of clearly establishing that claimant was such guest."

The trial court correctly applied the law and the judgment is affirmed.