No. 18,988.

HEYE D. FOLKERS v. FLOYD W. BROHARDT.

(352 P. [2d] 792)

Decided April 11, 1960.

Messrs. YEGGE, BATES, HALL & SHULENBURG, Mr. DON R. EVANS, for plaintiff in error.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as Folkers, was plaintiff in the trial court. He alleged in his complaint that on May 8, 1957, he was riding in an automobile being driven by the defendant Brohardt who "did by negligence consisting of willful and wanton disregard of the rights of the plaintiff, and at an excessive rate of speed, drive and propel said automobile in such manner as to cause it to leave the road," causing an accident in which Folkers suffered personal injuries. It was further alleged that Brohardt was under the influence of intoxicating liquor "which caused or contributed" to the accident.

The answer of defendant Brohardt contained a general denial of the allegations of the complaint and affirma-

tively alleged that Folkers assumed any risk involved by reason of any intoxication of Brohardt, and that the "guest statute" of Colorado barred recovery of damages by Folkers.

The issues were tried to a jury and a verdict was returned in favor of the defendant, upon which judgment was entered.

The only point raised by counsel for Folkers in his brief in support of his plea for reversal of the judgment is that the trial court erred in submitting an instruction to the jury concerning the provisions of C.R.S. '53, 13-9-1 (the guest statute).

His argument is presented under the following summary:

"The court erred in instructing the jury on the 'Colorado Guest Statute' because the uncontradicted evidence in the case established that the plaintiff was not a 'guest' within the terms and meaning of the Colorado Guest Statute: to-wit:

"The defendant by transporting the plaintiff on the night the accident occurred expected to realize a business benefit, which benefit was the consideration for the said transportation."

By limiting his argument to this specific question, counsel for Folkers necessarily takes the position that as a matter of law the evidence, considered in a light most favorable to his opponent, raised no issue for the consideration of the jury upon the question as to whether he was a "guest" within the meaning of the statute.

Folkers was the owner of the Dodge-Plymouth automobile agency in Longmont, Colorado, engaged in the selling of both new and used automobiles. Brohardt was an employee of the Kinney Finance Company, of Longmont, and this company financed, or "floor planned" some of the used car sales made by Folkers. One Sterling, an employee of General Credit Company, was seen by Brohardt, in conversation with Folkers. The General Credit Company financed new car sales made by Folkers,

and there was competition between the finance companies to keep the business coming from Folkers. Brohardt joined Sterling and Folkers in conversation. It was raining and the three men sat in an automobile and talked. Brohardt testified that he was concerned because one of his business competitors was talking with Folkers, which was why he joined the two men. The three men had some drinks and after a stop at a cafe and another at a drug store where Brohardt purchased some liquor, the party proceeded to the latter's office where they had a drink and chatted awhile.

It was then agreed that they would go to Lyons, Colorado, and have a steak dinner, that Brohardt would "pick up the tab." They started for Lyons in Brohardt's car. It was dark, and raining, and the accident happened a short distance northwest of Longmont.

The rule is generally adhered to in most jurisdictions that a mere incidental benefit resulting to a driver from transportation provided a passenger is not sufficient to withdraw the protection afforded by the guest statute. The benefit received by the driver must have been given under circumstances indicating that it induced the driver to provide the transportation to the passenger.

In *Klatka v. Barker,* 124 Colo. 588, 239 P. (2d) 607, an analysis of the decisions of this court bearing upon this question will be found. No good purpose would be served by a repetition thereof.

Reduced to its essence the evidence discloses that three men, interested in the same business activities, after business hours, spent a couple of hours together, having some drinks. They then decided to have dinner together and the defendant Brohardt offers to pay for the dinner and invites the other two men to ride with him to a neighboring town to partake of the meal at a particular restaurant. This falls far short of establishing any "inducement" amounting to "payment" to the car driver within the meaning of the guest statute.

■ Any incidental anticipated business benefit which Brohardt might possibly receive from this social contact cannot be held, as a matter of law, to be the motivating cause of the presence of Folkers in the automobile at the time of the accident.

The judgment is affirmed.

MR. JUSTICE FRANTZ not participating.