No. 22795.

DERYN A. EADS *v.* SALLY A. SPODEN.

(472 P.2d 131)

Decided June 29, 1970. Rehearing denied July 20, 1970.

232

WORMWOOD, WOLVINGTON, RENNER AND DOSH, JACK KENT ANDERSON, for plaintiff in error.

WALTER L. GERASH, RICHARD J. BRISKEY, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

SALLY SPODEN, hereinafter referred to as the plaintiff, commenced a personal injury action against Deryn Eads,

hereinafter referred to as the defendant, to recover damages incurred while riding as a passenger in defendant's automobile. At the close of the defendant's case, the trial judge ruled that at the time of the accident the plaintiff was not a guest under the Colorado Guest Statute (C.R.S. 1963, 13-9-1). Counsel for defendant conceded that there had been simple negligence on the part of the defendant, and the court directed a verdict against the defendant on the issue of liability. The issue of damages was submitted to the jury which returned a verdict for the plaintiff of $6,000.

The defendant contends that (1) the evidence does not support the ruling by the trial judge that the plaintiff was excepted from the guest statute as a matter of law, and (2) that the plaintiff is bound by an admission made during opening argument to the jury that the plaintiff was a guest in the car driven by the defendant. We do not agree with the contentions of error, and we affirm the judgment of the trial court.

I.

The plaintiff and the defendant lived in the same area in Denver and worked in the same shop. Several weeks prior to the accident, they entered into an agreement whereby the plaintiff would pay the defendant two dollars a week in return for conveyance between her home and place of work in the defendant's car. A few days before the accident, the plaintiff asked the defendant to drive her to Stapleton Airport on the way home so that she might purchase an airline ticket. The accident happened while the parties were proceeding to the airport along a different route and in a different direction from that they had previously taken when returning home from work.

The Colorado Guest Statute is in derogation of the common law rule which makes the operator answerable in damages for injuries suffered by a passenger in his car arising out of the operator's failure to exercise ordinary care. As such, the guest statute must be strictly

construed when determining whether its benefits are to be extended to a certain host. *Green v. Jones,* 136 Colo. 512, 319 P.2d 1083; *Dobbs v. Sugioka,* 117 Colo. 218, 185 P.2d 784. Where, as here, there is no dispute as to the facts of the relationship, the question becomes one of law. *Dobbs v. Sugioka, supra.*

In the instant case when the defendant was driving the plaintiff between her home and work pursuant to their existing agreement, the status of the plaintiff was clearly that of a passenger who paid for her transportation and the defendant was not entitled to the protection of the guest statute. *Bridges v. Lintz,* 140 Colo. 582, 346 P.2d 571; *Houghtaling v. Davis,* 140 Colo. 327, 344 P.2d 176. The two dollars paid by the plaintiff covered her transportation to and from work whether they went by the usual route or by some route adopted by agreement of the parties on the day of the accident. Certainly no money was refunded to the plaintiff for her transportation on the day of the accident, and she was just as much a paying passenger on that day as she was on any other day of the week. There was no change in their relationship; the paying passenger status of the plaintiff was never terminated.

There was no question of indirect or collateral benefits accruing to the driver in this case. Unlike the situation in cases such as *Folkers v. Brohardt,* 142 Colo. 407, 352 P.2d 792, cited by the defendant, where the only motivation was incidental, anticipated business benefit or in *Klatka v. Barker,* 124 Colo. 588, 239 P.2d 607, where the only motivation was personal satisfaction in benefiting the community, in this case there was an agreement for transportation contemplating regular weekly payments. Since the parties were admittedly proceeding home pursuant to that agreement, albeit by a circuitous route, we can find no error in the order of the trial judge directing a verdict against the defendant on the issue of liability.

## II.

 In his opening statement to the jury, counsel for the plaintiff set forth two theories for recovery. The first was that while the plaintiff may have been a guest in the defendant's automobile, the defendant was acting in wanton and wilful disregard for the plaintiff's safety. The second was that the plaintiff was a paying passenger within the exception to the guest statute relating to payment for transportation, and that a showing of simple negligence on the part of the defendant would be sufficient to establish liability.

Our rules of civil procedure permit a party to state as many claims as he has regardless of consistency, and there is nothing in the opening statement which could act as an admission binding on the question of whether the plaintiff was a guest or a paying passenger.

The judgment is affirmed.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES dissenting.

MR. JUSTICE GROVES dissenting:

I respectfully dissent.

Both the trial court and the majority of this court have reached conclusions of law by resolving factual issues which should have been submitted to the jury. Examples are found in the following quotations from the majority opinion:

". . . the defendant was driving the plaintiff between her home and work pursuant to their existing agreement . . . ."

"The two dollars paid by the plaintiff covered her transportation to and from work whether they went by the usual route or by some route adopted by agreement of the parties on the day of the accident."

"There was no change in their relationship. . . ."

"Since the parties were admittedly proceeding home pursuant to that agreement. . . ."

· At the time the plaintiff inquired of the defendant as to whether the defendant would drive the plaintiff to

Stapleton Airport, the plaintiff offered to pay the defendant for this trip. The defendant stated that she would be willing to transport the plaintiff to the airfield and refused compensation. The defendant testified that she made the trip as a favor and that she did not feel that it was necessarily a part of the to-and-from-work transportation agreement.

The parties lived several miles west of their place of employment. The airport is several miles northeast of the place of employment. As stated in the majority opinion, in going to the airfield the parties were proceeding in an almost directly opposite direction from that customarily taken on the trip home. The majority opinion is quite liberal in its finding of fact that they were "on the way home."

The majority opinion makes a finding that the airport trip was a part of the contract. In my opinion there is another factual issue in the case, which is whether there was an inducement to the defendant which amounted to payment for the airport trip. In *Folkers v. Brohardt,* 142 Colo. 407, 352 P.2d 792, no contract existed between the driver of the car and the passenger. However, the rule there enunciated is applicable here. A portion of the opinion in that case reads as follows:

"The rule is generally adhered to in most jurisdictions that a mere incidental benefit resulting to a driver from transportation provided a passenger is not sufficient to withdraw the protection afforded by the guest statute. The benefit received by the driver must have been given under circumstances indicating that it induced the driver to provide the transportation to the passenger.

\* \* \*

"Reduced to its essence the evidence discloses that three men, interested in the same business activities, after business hours, spent a couple of hours together, having some drinks. They then decided to have dinner together and the defendant Brohardt offers to pay for the dinner and invites the other two men to ride with him to a

neighboring town to partake of the meal at a particular restaurant. This falls far short of establishing any 'inducement' amounting to 'payment' to the car driver within the meaning of the guest statute.

"Any incidental anticipated business benefit which Brohardt might possibly receive from this social contact cannot be held, as a matter of law, to be the motivating cause of the presence of Folkers in the automobile at the time of the accident."

From the evidence of the instant case, a reasonable man could have concluded that there was sufficient inducement involved to constitute a "payment" to the defendant for the trip to Stapleton Field; and another reasonable man could have concluded to the contrary and that there was a mere incidental benefit resulting to the defendant. This issue, as well as that as to whether the airport trip was included in the basic agreement, should have been submitted to the jury under appropriate instructions.

MR. JUSTICE KELLEY has authorized me to state that he joins in this dissent.