No. C-356

Jana K. Hotchkiss, by her father and next friend, C. W. Hotchkiss, C. W. Hotchkiss and Elizabeth J. Hotchkiss v. Deborah Ann Preble and Parker E. Preble

(519 P.2d 360)

Decided February 19, 1974.

158

Harden and Napheys, Ralph B. Harden, for petitioners.

Yegge, Hall and Evans, Don R. Evans, Robert W. Harris, Fischer & Wilmarth, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

In this proceeding, certiorari was granted to review the decision of the Court of Appeals in *Hotchkiss v. Preble*, 32 Colo. App. 41, 508 P.2d 397. The case arises out of an automobile accident wherein the defendant-respondent was the driver and plaintiff-petitioner was her passenger. The issue for review involves the application of the "guest" statute, C.R.S. 1963, 13-9-1. The trial court submitted to the jury in the form of a special interrogatory the issue of whether petitioner was respondent's guest. The jury found that the host-guest relationship did not exist and returned a verdict for petitioner. The Court of Appeals held that, as a matter of law, petitioner was a guest within the meaning of

the statute and that it was reversible error to have submitted the issue to the jury.

Petitioner contends that the Court of Appeals erred in holding that the petitioner was a guest as a matter of law. The evidence shows that the petitioner and respondent had been friends for some time prior to the accident. The girls had taken a number of trips together where petitioner had been respondent's passenger and was expected to and did pay her share of the cost of the gasoline used. In December 1969, respondent invited petitioner to go with her to Steamboat Springs for a skiing holiday. The girls decided that respondent would purchase the gasoline for the trip to Steamboat Springs and petitioner would pay for the gasoline on the way back. Respondent purchased the gasoline, and they went to Steamboat Springs. There the girls stayed with respondent's parents in their trailer. On the day of the accident, respondent's father had occasion to use his daughter's car, and he filled it with gasoline. Because of electrical problems in the trailer, the girls were told they could not stay in the trailer after the parents' departure. Thus, respondent decided to go to Craig to have a duplicate key made for the trailer so she and the petitioner would be able to stay in the trailer without the parents' knowledge. The girls went to Craig and on the return trip the collision occurred, resulting in petitioner's injuries.

We begin by pointing out that it is not the passenger who must establish that he *was not* a guest, but rather it is the person who is relying on the "guest" statute who has the burden of establishing that the passenger *was* a guest. *Houghtaling v. Davis,* 140 Colo. 327, 344 P.2d 176; *Dobb v. Sugioka,* 117 Colo. 218, 185 P.2d 784. The general rule is that a person is not a guest if he confers a benefit upon the owner or operator of a car which is sufficiently real, tangible and substantial and is an inducing cause for furnishing the transportation. *Klatka v. Barker,* 124 Colo. 588, 239 P.2d 607. Sharing expenses of an automobile trip is an incident of a relationship between passenger and driver which may negate the guest-host relationship required under the "guest" statute. *See Eads v. Spoden,* 172 Colo. 231, 472 P.2d 131.

■ Here there was evidence from which the jury could find that such a sharing expense situation existed, that it was a real, tangible and substantial benefit to the driver, that an inducing cause to the driver to take this passenger was her agreement to share the expenses, and that it was of mutual benefit to both parties. This is in contra-distinction to *Mears v. Kovacic,* 152 Colo. 362, 381 P.2d 991, where the arrangement was made as a favor to the passenger and for his sole benefit. It is, of course, not necessary that the payment be the only cause or even the primary inducement for the carrying of the passenger to exempt the relationship from one of guest and host.

■ There was sufficient evidence here to, at least, go to the jury on the question of whether the guest-host relationship existed here. Under such circumstances, an appellate court may not substitute its judgment for that of the jury.

The judgment of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for determination of the other issues raised therein.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur in the result.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concurring in the result:

In our view, the effect of this opinion is to overrule *Mears v. Kovacic,* 152 Colo. 362, 381 P.2d 991 (1963), and it should be overruled.