## No. C-1113

**Helmer T. Peterson and Janet Peterson v. Patrick Bruce Grattan**

(578 P.2d 1063)

Decided May 22, 1978.

Overton, Dittemore & Nutt, P.C., A. L. Overton, for petitioners.

Burnett, Horan & Hilgers, William P. Horan, for respondent.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari to review the court of appeals decision which affirmed the judgment of the trial court in entering a directed verdict for defendant in this personal injury action. The court of appeals, *Peterson v. Grattan,* 38 Colo. App. 206, 558 P.2d 1001 (1976), held that plaintiff was a guest within the meaning of the guest statute, section 42-9-101, C.R.S. 1973, and that no evidence was presented at trial sufficient to warrant submission of the case to the jury to decide whether or not defendant's conduct had been wanton and wilful. In 1975, approximately two years

after the date of the accident, the guest statute was repealed. We affirm the court of appeals decision.

Petitioner-plaintiff Helmer T. Peterson and respondent-defendant Patrick Bruce Grattan first became acquainted when defendant solicited plaintiff to become a member of the Englewood Jaycees. During the fall of 1973, defendant was president of the Englewood Jaycees' chapter, and plaintiff was vice president. As part of their official duties, plaintiff and defendant were involved in helping to establish a new Jaycee chapter in Buena Vista. The Englewood Jaycees reimbursed each Jaycee member who drove his vehicle to Buena Vista on Jaycee business. Reimbursement was made only to the extent of gasoline actually used on the trip.

On the morning of November 15, 1973, the defendant called the plaintiff and requested that he go with defendant on a trip to Buena Vista that evening. Plaintiff was reluctant to go, but agreed to if defendant was unable to find anyone else to accompany him. That afternoon, defendant called plaintiff again, informed plaintiff that he could find no one else to go and asked plaintiff to accompany him in his automobile to Buena Vista that evening. Plaintiff consented.

That evening, plaintiff and defendant arrived in Buena Vista, attended the last half hour of the Buena Vista Jaycees' business meeting and then made a presentation regarding fund raising for the chapter. The meeting adjourned sometime between 9:30 and 10:00 p.m.

According to the record, defendant and plaintiff each had several beers over a period of several hours, before and after the Buena Vista Jaycees meeting. Neither plaintiff nor defendant drank any alcoholic beverage during the return trip to Englewood.

As defendant was driving back to Englewood, plaintiff fell asleep in the car at approximately 11:30 p.m. Just prior to that, he asked defendant if he felt drowsy or sleepy. Defendant replied that he did not.

At approximately 12:30 a.m., defendant's car went off the right hand side of the road. The car overturned and plaintiff was thrown out. He suffered a broken right arm and a crushed right hip, which ultimately required a complete hip replacement operation.

The cause of the accident is uncertain. In defendant's statment to the investigating officer (approximately an hour after the accident), and in his testimony at trial, he claimed that he swerved to avoid a deer that had suddenly appeared in front of him in the road. Defendant claimed that this caused him to drive off the road and onto the shoulder, where he lost control of his automobile.

At trial, the investigating officer testified that there was no evidence that defendant had applied his brakes or swerved his automobile, and there was no evidence of any deer in the area of the accident. Mr. Francis L. German was the first person on the scene of the accident, apparently arriving only minutes after the accident occurred. He testified that when

he asked defendant what had happened, defendant replied, "I think I went to sleep." An accident analyst expert testified that the accident had probably occurred because the driver had either become drowsy or had fallen asleep.

As plaintiff was sleeping in the car at the time of the accident, he could provide no personal testimony on the cause of the accident. No direct evidence was introduced that defendant had any symptoms of drowsiness of sleepiness prior to the accident.

### I.

■ The clear rule in cases involving applications of the Colorado guest statute is that if the facts concerning the nature of the relationship between driver and passenger are undisputed, the question of whether or not the passenger is a "guest" is a matter of law for the court to decide. *Eads v. Spoden,* 172 Colo. 231, 472 P.2d 131 (1970); *Bickel v. Steely,* 141 Colo. 391, 348 P.2d 254 (1960); *Dobbs v. Sugioka,* 117 Colo. 218, 185 P.2d 784 (1947). In the instant case, the facts surrounding plaintiff and defendant's relationship are clear and undisputed. The trial court, therefore, acted within its province in deciding the issue of whether or not plaintiff was a guest as a matter of law. The question now becomes, was the trial court correct in ruling that, as a matter of law, plaintiff was a guest in defendant's car within the meaning of the guest statute.[1]

■ Ordinarily, the governing test in Colorado for cases concerning the guest statute is that provided by *Klatka v. Barker,* 124 Colo. 588, 239 P.2d 607 (1951). We there held that to fall outside of the guest statute, "the benefit conferred on the owner or operator of the car must be sufficiently real, tangible and substantial to serve as an inducing cause for the transportation." 124 Colo. at 592, 239 P.2d at 609. We see no reason to vary from that standard in the instant case.

As held by the court of appeals in *Peterson v. Grattan, supra, Klatka v. Barker, supra,* is dispositive of this issue. In *Klatka,* defendant's son had agreed to transport plaintiff's son to a high school "Band Day" at the University of Colorado campus in Boulder. On the return trip from Boulder, an automobile accident occurred resulting in the death of plaintiff's son and several other people in the car. We held, under the test stated above, that defendant's son received no actual or material benefit

---

[1] C.R.S. 1973, 42-9-101, now repealed, provided, "No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death, or loss in case of accident, unless such accident has been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of a wilful and wanton disregard of the rights of others. The provisions of this section shall not relieve a public carrier or any owner or operator of a motor vehicle, while the same is being demonstrated to a prospective purchaser, of responsibility for any injuries sustained by a passenger being transported by such public carrier or by such owner or operator."

from transporting the decedent. The fact that defendant's son may have derived a sense of satisfaction or gratification from taking part in an important community activity was not sufficient so as to be a "real, tangible and substantial" benefit, and remove defendant from the protection of the guest statute.

■ In the instant case, defendant Grattan similarly received no real, tangible, and substantial benefit from plaintiff's presence in the car at the time of the accident. Plaintiff and defendant were involved in a community service activity, and personal satisfaction was all that defendant could expect from his work for the Jaycees, whether plaintiff accompanied him or not.

Other cases relied on by plaintiff are inapposite. We do not have a situation where the driver and passenger are involved in a trip for the benefit of their mutual employer. *See Dobbs v. Sugioka, supra.* We have no evidence of an ongoing relationship of regular payment in exchange for transportation. *See Eads v. Spoden, supra; Hotchkiss v. Preble,* 184 Colo. 157, 519 P.2d 360 (1974); and *Houghtaling v. Davis,* 140 Colo. 327, 344 P.2d 176 (1959). Rather, we have a venture of social character, *see Folkers v. Brohardt,* 142 Colo. 407, 352 P.2d 792 (1970), motivated by community spirit, as in *Klatka v. Barker, supra.*

Petitioner seems to contend that if respondent was paid for making the trip, that constitutes "payment for such transportation" within the meaning of the statute, section 42-9-101, C.R.S. 1973. Petitioner misconstrues the meaning of the statute in this regard. The statute provides in pertinent part, "No person transported by the owner or operator of a motor vehicle . . . without payment for such transportation. . . ." "Payment for such transportation" does not refer to payment for making the trip itself, but rather to payment for transporting the plaintiff-passenger in question, *i.e.,* "such" transportation is the transportation of the plaintiff referred to in the preceding clause of the statute.

The issue is not whether defendant has been paid for making the trip, but whether defendant has been paid for transporting plaintiff. Thus, in the instant case, defendant was reimbursed for his gasoline expenses in traveling to Buena Vista. He would have received the same amount of money whether or not plaintiff had accompanied him. Defendant received no "payment" for transporting plaintiff.

## II.

■ Petitioner contends that even if he is a "guest," transported without payment, within the statute, he may recover if the jury finds that the accident was caused either by defendant's intoxication or by conduct on the part of defendant that may be characterized as "wanton and wilful disregard of the rights of others." The statute does indeed permit recovery on either of those grounds. The trial judge directed a verdict for defendant because there was no evidence to support a jury finding of either of the

above conditions. We agree with that determination.

First, we note that although there was testimony at trial that defendant had consumed "several beers" within a five-hour period prior to the accident, no evidence was presented that defendant was intoxicated at the time of the accident. Francis L. German, the gentleman who arrived on the scene of the accident shortly after it occurred, testified that he did not notice the odor of an alcoholic beverage on defendant's breath, nor did he observe any other signs of intoxication. No other evidence was introduced to contradict Mr. German's tesitmony. This court will not create a presumption, or reverse a trial judge for not allowing a jury to infer without evidence, that having several beers over a period of several hours results in intoxication. Evidence of a mere possibility that a condition may have existed is not sufficient to support a verdict, particularly where there is evidence to contradict such a finding. *Baeza v. Remington Arms Co.,* 122 Colo. 510, 224 P.2d 223 (1942).

Secondly, petitioner contends that if a jury were to find from the testimony that the accident was caused by defendant falling asleep (rather than by swerving to avoid a deer, as he claims), then the jury could infer that defendant ignored the symptoms of drowsiness or sleepiness and was wanton and wilful in continuing to drive while aware of his physical and mental fatigue. On this record, such an inference would amount to speculation and conjecture by the jury.

The judgment of the court of appeals is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE CARRIGAN do not participate.