**Rodger W. GARCIA, By and Through his parents and next friends, Ignacio and Wanda GARCIA, and Wanda Garcia, individually, Plaintiffs-Appellants,**

v.

**Paul A. SCIMEMI, Defendant-Appellee.**

**No. 84CA1040.**

Colorado Court of Appeals, Div. I.

Sept. 5, 1985.

Rehearing Denied Oct. 10, 1985.

Certiorari Denied Jan. 13, 1986.

Stephen J. Sletta, Jeffrey R. Wheeler, P.C., Jeffrey R. Wheeler, Colorado Springs, for plaintiffs-appellants.

Rector, Retherford, Mullen and Johnson, Neil C. Bruce, Robert K. Jones, Colorado Springs, for defendant-appellee.

PIERCE, Judge.

Plaintiffs, Rodger W. Garcia, by and through his parents, Ignacio and Wanda Garcia, and the parents individually, appeal from a trial court order dismissing plaintiffs' complaint against defendant Paul A. Scimemi. The dismissal followed the trial court's order prohibiting Rodger Garcia from presenting testimony and followed the parties' stipulation that without the testimony of Rodger Garcia, plaintiffs could not survive a motion for directed verdict of liability in defendant's favor. The defendant then moved for dismissal of the complaint for failure of proof, which was granted, and the court's order of dismissal was made final. We reverse.

As a result of a car accident, Rodger Garcia was hospitalized. During his hospi-

talization, he was interviewed by Archie Belford, a specialist on multi-level communication and hypnosis, in hopes of stimulating his memory about the accident. Scimemi filed a motion in limine to prohibit Garcia's testimony based on its being a hypnotically induced recollection of the accident. Pursuant to this motion, the trial court heard testimony from Belford who denied hypnotizing Garcia, and heard testimony from a psychiatric expert, Dr. Roberts, who had listened to a tape recording of Belford's interview of Rodger Garcia.

Dr. Roberts initially opined that Belford had "made attempts" to put Garcia into a trance, and that Belford's tone of voice and demeanor were similar to those used in a particular method of trying to induce a trance. However, he also testified that there was no way to tell by listening to a tape whether a person is being hypnotized, and that he had no way of knowing whether there was or was not a trance. At a later hearing, after interviewing Rodger Garcia, Dr. Roberts testified that Garcia was not an individual who was particularly susceptible to hypnosis. He then concluded that although it was "conceivable" that Garcia was hypnotized, it was "unlikely." Additionally, when asked whether "to a reasonable degree of probability ... Garcia was ... subjected to hypnosis," Dr. Roberts stated that he "probably was not."

On this record the trial court nevertheless found that Rodger Garcia was hypnotized during his interview with Belford. Following the rule set forth in *People v. Quintanar*, 659 P.2d 710 (Colo.App.1982), the trial court concluded that Garcia's testimony was inadmissible and thus prohibited him from testifying as to his recollections following the hypnosis. We do not reach Garcia's contention concerning application of the rule in *Quintanar* to civil matters because we reverse based on there being no support in the record for the trial court's conclusion.

The trial court's order prohibiting the testimony was not predicated on the evidence presented in the record. A finding cannot be based on suspicion, surmise, conjecture or simple possibilities. *See Peterson v. Grattan*, 195 Colo. 393, 578 P.2d 1063 (1978); *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959).

In making its finding the trial court apparently relied on the simple possibility and "conceivability" that Rodger Garcia was hypnotized. Hence, the trial court's conclusion that his testimony was incompetent and its subsequent dismissal of the complaint is not supported by the evidence. *See Bilsten v. Porter*, 37 Colo.App. 389, 547 P.2d 255 (1976).

The judgment is reversed, and the cause is remanded for reinstatement of the complaint.

ENOCH, C.J., and BERMAN, J., concur.