958 F.2d 381
 73 Ed. Law Rep. 618
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ADAMS-ARAPAHOE SCHOOL DISTRICT NO. 28-J, Plaintiff-Appellee,
v.
UNITED STATES GYPSUM COMPANY, Defendant-Appellant,
Armstrong World Industries, Inc.; GAF Corporation;
Flintkote Company; Ryder Industries, Defendants.
 No. 91-1046.
 United States Court of Appeals, Tenth Circuit.
 March 23, 1992.
 
 Before LOGAN and BRORBY, Circuit Judges, and DAUGHERTY,* District Judge.
 ORDER AND JUDGMENT**
 BRORBY, Circuit Judge.
 
 
 1
 Defendant United States Gypsum Company (U.S. Gypsum), a former manufacturer of Sabinite M, an acoustical ceiling plaster which contained asbestos fibers, appeals from a jury verdict in favor of Plaintiff Adams-Arapahoe School District No. 28-J (School District). We reverse for substantially the same reasons as those articulated in Adams-Arapahoe School District No. 28-J v. GAF Corp., --- F.2d ---- (10th Cir. No. 91-1058, March 23, 1992), our recent decision involving a related appeal.[1]
 
 
 2
 The School District commenced this diversity action in 1984 to recover the cost of removing asbestos-containing building products from Aurora, Colorado, public schools. This appeal derives from Phase II of the trial which was trifurcated on the basis of product groups. Phase II addressed only those claims against sprayed-on acoustical insulation and ceiling product manufacturers. On May 19, 1989, the jury returned a general verdict in favor of the School District on its Phase II negligence and strict liability claims.
 
 
 3
 Fundamentally, the School District claimed the asbestos content of the ceiling plaster constituted a defect which injured School District property and created an unreasonable risk of harm. This claim is cognizable under Colorado tort law only insofar as it relates to physical injury in the nature of contamination caused by past releases of asbestos fibers from Sabinite M. The issue before us is therefore quite narrow: Did the School District present sufficient evidence of physical injury, i.e., contamination, to overcome U.S. Gypsum's motion for a directed verdict? "We review a ruling on a motion for directed verdict de novo." Hill v. Goodyear Tire & Rubber, Inc., 918 F.2d 877, 880 (10th Cir.1990).
 
 
 4
 It appears the School District relied solely on anecdotal evidence as proof of asbestos contamination in Aurora public schools. First, the School District presented Environmental Protection Agency guidance documents for controlling friable asbestos-containing materials. These documents suggested asbestos fibers "can be released spontaneously from asbestos-containing material in the normal process of the material's aging and deterioration." Furthermore, "a dramatic increase in the rate of fiber release may accompany disturbance of asbestos-containing material." Notably, however, nothing exists in the record from which a jury could infer these events had occurred in the school buildings at issue. For example, the only air samples analyzed at times other than during the course of asbestos abatement indicated asbestos fiber levels no higher than those found in outside ambient air. These samples were also well within the range considered safe by OSHA. Moreover, the School District presented no evidence of surface contamination and admitted it did not remove asbestos-containing materials which were in good condition. The School District did present the opinion of a lay witness that acoustical plaster like Sabinite M is friable when first applied. That same witness also testified that asbestos ceiling plaster "usually" loosens and falls in the event of a leaking roof. However, the School District presented no evidence of contamination upon installation and the only documented incidents of leakage involved areas covered by ceiling plasters other than Sabinite M.
 
 
 5
 Viewing this evidence and all inferences to be drawn therefrom in the light most favorable to the School District, we hold the School District provided insufficient evidence of physical injury to send its strict liability and negligence claims to the jury. The evidence presented supports only one conclusion: Sabinite M may have been subject to forces which may have caused a release of asbestos fibers which may have contaminated Aurora public schools. It is not enough that the School District alleged contamination--the School District bore the burden of proving contamination by a preponderance of the evidence. See Colo.Rev.Stat. § 13-25-127 (1987 Repl.Vol.). "Evidence of a mere possibility that a condition may have existed is not sufficient to support a verdict." Peterson v. Grattan, 195 Colo. 393, 398, 578 P.2d 1063, 1067 (1978). We therefore REVERSE and REMAND with instructions for the district court to enter a directed verdict in favor of United States Gypsum Company.
 
 
 
 *
 The Honorable Frederick A. Daugherty, Senior United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although only a negligence claim was in issue in GAF Corp., the analysis is identical for a strict product liability claim